## L. A. Haussler, Appellee, v. Indemnity Company of America, Appellant.

1. INSURANCE—*meaning of "replacement" in policy on automobile.* A policy of insurance fixing the limit of recovery for damages to the insured automobile from collision at the cost of suitable repairs or replacement, not exceeding the actual cash value of car, "replacement" contemplates replacement of parts and not of the entire car.

2. INSURANCE—*damages recoverable under collision clause in automobile policy.* Under a full coverage policy limiting the liability of the insurer to the actual cash value of the car at the time of loss in case of fire, theft, or property damage not exceeding the cost of repair or replacement, and in case of collision to actual value at the time of collision or the cost of repair or replacement, reserving to the insurer the right to choose the means thereof and retain all salvage, the correct measure of damages for injury from a collision with an embankment is the cost of suitable repair or replacement of the parts injured or destroyed, not to exceed in

amount the actual cash value of the automobile at the time of the collision.

3. INSURANCE—*measure of damages in action on automobile insurance against collision.* In an action for insurance on an automobile for damages from collision, it is error to instruct the jury that they may take into consideration the actual cash value of the car immediately before and after the collision, in fixing the amount of recovery, where the policy provides that the measure of damages is the cost of suitable repair or replacement, not exceeding the actual cash value of the car at the time of the collision.

4. INSURANCE—*evidence in action on policy.* In an action against an insurance company on a policy insuring an automobile against damage by collision and fixing the measure of recovery at the cost of suitable repair or replacement of the parts injured or destroyed, not to exceed the actual cash value of the car at the time of the collision, it is error to permit the insured to testify that he offered to turn the car over to the insurer if it would give him a new one.

Appeal by defendant from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 26, 1923.

MILTON C. LAUENSTEIN and L. B. SKIPPER, for appellant.

FRANK F. NOLEMAN, JUNE C. SMITH and ANDREW J. DALLSTREAM, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by L. A. Haussler, appellee, against the Indemnity Company of America, appellant, on an insurance policy to recover for damages sustained by his automobile which, as charged, skidded and turned over into a deep ditch colliding with a steep embankment. The proof clearly shows that the automobile was greatly damaged. Appellee purchased the automobile August 12, 1921, and the accident occurred November 17, 1921. The insurance policy was what is generally termed a "full coverage insurance" and insured appellee against damages re-

sulting from fire, lightning, theft, robbery, collision, property damage and public liability. The purchase price of the car was $2,575. The jury returned a verdict for appellee for $1,700. Appellant did not deny its liability.

The only question involved, as is agreed by counsel for the respective parties, is the amount of the damages which should be awarded appellee. The reasons urged for a reversal of this judgment by this court by appellant are that the court gave erroneous instructions as to the measure of damages and that improper evidence was admitted on this question and proper evidence refused.

Only one instruction was offered by each party. The one offered by appellee was given by the court as offered and reads as follows: "You are instructed, that if from a preponderance of the evidence in this case, guided by the instructions of the court, you find the issues for the plaintiff that his automobile was damaged, then in determining the amount of said damage you have a right to take into consideration, if proven by the evidence, the fair cash value of said automobile immediately before said collision and the fair cash value of the same immediately after said collision, and to render a verdict in such an amount as you believe from the evidence will compensate the plaintiff for the damage to his said automobile."

The instruction offered by appellant reads as follows: "The court instructs the jury in this case that under the terms, covenants and conditions of the policy, the defendant's liability for loss or damage is limited to the actual value of the property damaged or destroyed at the time of its damage or destruction, or the cost of its suitable repair or replacement, the company reserving the right to accomplish such repair or replacement, by such means as it may select, and to retain all salvage." The court modified this instruction by striking out the final clause to wit, "the

company reserving the right to accomplish such repair or replacement, by such means as it may select, and to retain all salvage'' and inserted in lieu thereof the words, ''which may be determined by ascertaining the fair cash value before the injury and deducting therefrom the fair cash value after the injury or by ascertaining the cost of repairs necessary to put the car in as good condition as it was before the accident.''

In arriving at what is the correct measure of damages in this case it must be kept in mind that this is not a suit for damages, but is a suit brought on the contract of insurance, and that therefore the measure of damages followed in a suit based upon an alleged tort is not the correct rule in this case, but the language of the contract sued upon must prevail, and such language, so far as applicable to the question, must determine the rule as to the measure of damages to be followed. As above stated, this was a ''full coverage insurance'' and insured appellee against various classes of losses. One provision of the contract, which seems to govern all losses by theft, fire or property damage, provides ''this company shall not be liable beyond the actual cash value of the property at the time any *loss* or *damage* occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it then cost the assured to repair or replace the same with material of like kind and quality.'' Another clause governing loss or damage to the automobile by collision reads as follows:

''CLAUSE THREE—COLLISION. AGAINST LOSS OR DAMAGE TO THE AUTOMOBILE DESCRIBED HEREIN. Including its operating equipment, if sustained within the limits of the United States of America and Canada, while this policy is in force and if caused solely by collision with another object, either moving or stationary (excluding, however, all loss or damage by tornado, cyclone, windstorm and fire arising from any

clause whatsoever), provided that: (1) This company's liability for such loss or damage is limited to the actual value of the property damaged or destroyed at the time of its damage or destruction, or the cost of its suitable repair or replacement, the company reserving the right to accomplish such repair or replacement by such means as it may elect and retain all salvage.''

The first provision of the contract above quoted, which, as stated, applies to liability of the appellant for any cause under this contract, in substance expressly states that appellant shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and that such loss or damage shall in no event exceed what it then cost the assured to repair or replace the same with material of like kind and quality. It cannot be seriously contended that the appellant could under any circumstances be held liable under this contract in any greater amount than the loss or damage sustained by the assured. It seems to us, therefore, that under said general provision of the contract, appellant's liability is limited by either the actual cash value of the property or the cost of repairing or replacing the property damaged, whichever should be the smaller in amount. This then would be the correct measure of damages under the contract unless some provision thereof governing the appellant's liability in the case of some particular loss or damage contains a different rule. A reading of the second provision above quoted, expressly covering damages by collision, shows, that clause instead of providing otherwise states the company's liability for damage to the automobile by collision with another object to be substantially the same as provided in said general provision, that is, that in such case the company's liability is limited to the actual value of the property damaged or destroyed or to the cost of its suitable repair or replacement. The word ''replacement'' found in these provisions, we

think, means replacement of parts damaged and not. of the whole car.

It is true that as a general rule a contract of insurance shall be construed most strongly against the insurer, but in our opinion the terms of this contract are not ambiguous. Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts, and parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy, and it is the duty of courts to construe and enforce such agreements as made and not to make new contracts for the parties. (*Hartsock v. Kaskaskia Livestock Ins. Co.,* 223 Ill. App. 433.) It is our duty, therefore, to construe this contract as we find it, and in doing so we hold that the correct measure of damages under the contract is the cost of the suitable repair or replacement of the parts injured or destroyed, not to exceed in amount the actual cash value of the automobile at the time of such injury or destruction. If we are correct in this conclusion the instruction given by the court for appellee in this case which, in effect, fixed the measure of damages at the difference between the fair cash value of the car immediately before the collision and the fair cash value of the same immediately after the collision was clearly erroneous. While the instruction given in behalf of appellant as modified by the court advised the jury that appellant's liability was limited to the actual value of the property damaged or the cost of its suitable repair or replacement, yet it advised them that one way of determining such liability would be by deducting the fair cash value of the automobile after the injury from the fair cash value before the injury, and therefore this instruction was also erroneous.

Under this view of the case it was not proper for the court to permit appellee to testify that he offered

to turn the car over to appellant if it would give him a new one, and to state that appellant refused the offer. For the errors above pointed out this judgment must be reversed and the cause remanded.

*Reversed and remanded.*