BELLEVIEW TRADING COMPANY AND ANOTHER v.
INTERNATIONAL INDEMNITY COMPANY.[1]

May 7, 1926.

No. 25,337.

**Award of damages not excessive.**

Damages against insurer, after partial loss on automobile insured against theft, not excessive. [Reporter.]

Appeal and Error, 4 C. J. p. 883 n. 33.
Motor Vehicles, 28 Cyc. p. 50 n. 59 New.

Action in the municipal court of Minneapolis upon an insurance policy covering loss by theft of plaintiff Colbrath's automobile. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*Converse & Converse,* for appellant.
*Waters & Colbrath,* for respondents.

PER CURIAM.
Appeal from a judgment, the sole question raised being its excessiveness. The action is upon defendant's insurance policy covering loss by theft of

[1]Reported in 208 N. W. 994.

plaintiff Colbrath's automobile. The car was stolen, but was recovered and returned by defendant within 24 days after its loss. It had been run 2,000 miles, somewhat damaged and the equipment or accessories had disappeared. The automobile was new and with equipment cost $776.90. The insurable value was fixed in the policy at 80 per cent or $621. The contention of defendant is that, since plaintiffs admitted the car to be worth $500 when returned, the recovery could not exceed $121. The court allowed $275 as damages or loss on the car and $77 for the equipment, its cost.

The loss was partial and under the policy that must be paid in full irrespective of the insurable value for a total loss. By the terms of the policy the car and equipment constituted one item—not two. It was optional with defendant to return the car "with compensation for physical damage at any time before actual payment hereunder." It did return the car damaged and with equipment missing. True, the terms of the policy limit recovery to the actual cost of repairs and replacements. Haussler v. Indemnity Co. 227 Ill. App. 504. The court did receive evidence from both parties as to the cost or value of such repairs and replacements as would put the car in the condition it was when stolen. The testimony was widely divergent, and the court's findings as to the amount cannot be disturbed by us. In 4 Cooley, Briefs on Law of Insurance, p. 3063, it is stated: "If a partial loss occurs, insured is entitled to be indemnified in full up to the amount of the insurance, in the absence of any provisions to the contrary." There is none in the instant policy, defendant having seen fit to return the car without equipment and in a damaged condition.

The judgment is affirmed.