HOUSNER, Respondent, vs. BALTIMORE-AMERICAN INSURANCE COMPANY, Appellant.

*April 6—May 12, 1931.*

24

*Allan V. Classon* of Oconto, for the appellant.

For the respondent there was a brief by *John B. Chase* and *Joseph E. Housner,* both of Oconto, and oral argument by *Mr. Chase.*

WICKHEM, J.   The principal contention of the appellant is that plaintiff is entitled to judgment for not more than $196.90, which sum the undisputed evidence discloses will be adequate to restore the automobile to the same physical condition as when it was stolen, reasonable wear and tear excepted.   This contention is based upon the conditions of

the policy heretofore set out, it being the appellant's position that the policy expressly reserves to the company the right to return the stolen automobile with compensation solely for physical damage thereto. The appellant also relies upon the limits of liability contained in other conditions of the policy, and particularly upon those which provide that the loss or damage shall be ascertained with proper deduction for depreciation however caused, and without compensation for loss of use, and that the amount shall not exceed what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality. It is the argument of the appellant that its obligation, upon electing to return the car, is to compensate the insured for purely physical damage to the car, and that the sum thus payable shall in no event be greater than what it would cost to repair or replace the automobile or parts thereof with other of like kind and quality.

Respondent contends that the term "physical damage" refers to the depreciation in the value of the car from the time it was stolen until it was returned. Respondent relies upon the case of *Chapleau v. Manhattan Oil Co.* 178 Wis. 545, 190 N. W. 361, in which it was said:

"Where personal property which has been injured is susceptible of repair, the measure of damages is ordinarily the difference between the reasonable market value immediately before and such value immediately after the injury at the place thereof."

This rule of damages was applied by the court in a tort action for injury to personal property.

It must be kept in mind, however, that this is not such an action for damages but is one brought upon a contract of insurance, and that the provisions of the contract govern the measure of recovery rather than any rules applicable to cases of tort. *Haussler v. Indemnity Co. of America,* 227 Ill. App. 504; *United States F. & G. Co. v. Corbett,* 35 Ga.

App. 606, 134 S. E. 336; *Stoors v. First American Fire Ins. Co.* 160 Tenn. 239, 22 S. W. (2d) 1038. Hence this case must be solved by construing the contract of insurance out of which plaintiff's rights arise.

Respondent further cites in support of his position the cases of *Federal Ins. Co. v. Hiter,* 164 Ky. 743, 176 S. W. 210; *Edwards v. Maryland Motor Car Ins. Co.* 204 App. Div. 174, 197 N. Y. Supp. 460; *Kansas City Regal Auto Co. v. Old Colony Ins. Co.* 196 Mo. App. 255, 195 S. W. 579. All of the cases cited sustain the position of respondent. The *Hiter Case,* which contains the most elaborate discussion of the matter, takes the view that the insuring clause, being very broad and comprehensive and covering all loss and damage caused by theft, is sufficient to fix upon the company liability for any diminution in value as the result of theft. The court held conditions substantially similar to those in this policy to be ambiguous and contradictory to the insuring clause, and further held that in such a situation the insuring clause must be given precedence.

We find ourselves unable to give acquiescence to the doctrine of these cases. As was said in the case of *Haussler v. Indemnity Co. of America, supra:*

"It is true that as a general rule a contract of insurance shall be construed most strongly against the insurer, but in our opinion the terms of this contract are not ambiguous. Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts, and parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy, and it is the duty of courts to construe and enforce such agreements as made and not to make new contracts for the parties."

The conditions in this policy must be construed with the insuring clause, and the insuring clause must inevitably be modified by the conditions, although in ascertaining the

meaning to be given to the conditions when they are ambiguous, the construction should be a liberal one in favor of the insured. It seems to us that the result of the cases cited by respondent is to deny any force and effect to the conditions in the policies, and this, in our judgment, results in making for the parties a contract which they themselves never made.

Our construction of the policy is that where the car has been stolen and recovered by the insurer, the insurer may elect to return the car and pay to the insured compensation for such purely physical damage as the car may have sustained at the hands of the thief. It is our further conclusion that physical damage as defined in the policy does not include that item of depreciation which in automobiles results from mere age without use. It does, however, include such a sum as will not only put the automobile in the condition it was at the time of the theft, reasonable wear and tear excepted, but such further sum as is necessary to compensate for this actual physical wear and tear. This conclusion is in no way affected by the clause limiting liability to what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality. Reasonably construed, this clause obligates the company to the replacement of the automobile or its parts with others of identical value. Further than this, the clause giving the company this option is a clause for the company's benefit. The company, as a condition to exercising its option, must compensate for all physical damage regardless of the limits of the policy. If this is impracticable or unreasonably expensive, the company has left its other option, which is to keep the car and to pay the appraised value when stolen.

It follows that there must be a new trial in this case, and that the question there to be litigated is, What sum of money will compensate plaintiff for the physical damage to his car? In submitting this question the jury are to find such a sum

as will compensate plaintiff not only for the repairs necessary to put the car in the condition it was at the time of the theft, reasonable wear and tear excepted, but the physical wear inflicted upon the car and incapable of restoration by repair. The plaintiff, in our judgment, is not entitled under the policy to recover any compensation for loss of use or any depreciation which is merely the result of the increased age of the car between the time of theft and the time of its restoration to plaintiff. This disposition of the case makes it unnecessary to discuss the remaining assignments of error. In so far as these assignments have any merit, they are inseparably connected with appellant's main contention, and are disposed of by what has heretofore been said.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.