FRYE, Plaintiff, vs. THEIGE, Defendant and Respondent: MILWAUKEE AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.*

*October 15—November 16, 1948.*

\* Motion for rehearing denied, with $25 costs, on February 15, 1949.

For the appellant there was a brief by *Hale, Skemp & Nietsch* of La Crosse, and oral argument by *Thomas H. Skemp.*

For the respondent there was a brief by *Bennett & Bennett* of Viroqua, and oral argument by *J. Henry Bennett* and *Olga Bennett*.

WICKHEM, J.   The issue in this case is whether a named assured who was riding in his own automobile driven by another with his permission can recover against his insurance company for the negligence of his permittee.   The policy contains a general exclusion clause as follows :

"This policy does not apply : . . . (e) under coverage A, to any obligation for which the insured or his employer or any company as insurer or either may be held liable under any .workmen's compensation law ; or *to bodily injury to or death of any person who is a named insured."*

Appellant contends that since this provision was a general exclusion of coverage and applies equally to the named assured and additional assured it is enforceable under the decisions of this court.   The matter is of considerable importance and since respondent contends that the case of *Schenke v. State Farm Mut. Automobile Ins. Co.* 246 Wis. 301, 16 N. W. (2d) 817, governs the case at bar a review of the earlier authorities is considered advisable.

The first case dealing with the subject was *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 240 N. W. 881.   There the court laid down the principle, since adhered to, that whoever uses an automobile under the omnibus coverage clause is entitled only to protection within the general coverage of the policy as written.   The matter next came up in the case of *Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 245 N. W. 200, in which plaintiff was an employee of the named assured, and was injured by the negligence of a coemployee who was driving the car with the consent of the named assured.   In its general exclusions the policy rejected coverage for injuries sustained by any person to whom the assured was liable because of the Workmen's

Compensation Law and also to any employee of the assured when the accident happened in the course of the business of assured. It was held that since plaintiff was an employee of the named assured and since the latter was liable to him under the compensation act the policy excluded liability no matter who was driving the car.

In *Madison v. Steller,* 226 Wis. 86, 275 N. W. 703, the injury occurred while the car was being driven by an employee of the owner with the latter's consent. The general coverage provisions of the policy excluded any employee of the assured while engaged in activities within the scope of his employment. It was held that there was a valid exclusion of coverage in this situation.

These two cases followed the *Drewek Case, supra,* in holding that general exclusions of coverage would be valid and enforceable as against the additional assured.

In *Archer v. General Casualty Co.* 219 Wis. 100, 261 N. W. 9, 262 N. W. 257, plaintiff was a named assured who was injured while driving with her husband who was also a named assured. She was permitted to recover but there was no applicable exclusion clause in the policy.

In *Munsert v. Farmers Mut. Automobile Ins. Co.* 229 Wis. 581, 281 N. W. 671, one of assured's unemancipated sons was killed by reason of the negligence of another unemancipated son who was driving with the assured's consent. There was a clause in the policy excluding coverage for injury to the named assured and this was held effective to exclude any liability to the assured as plaintiff. The *Archer Case* was distinguished upon the ground that the policy there involved no such exclusion clause.

The whole matter was thoroughly considered in *Narloch v. Church,* 234 Wis. 155, 290 N. W. 595. In that case the omibus coverage clause provided that the policy did not furnish insurance to the employee of an assured with respect to any action brought against any such employee for the death

or injury to another employee of the same assured in the course of employment arising out of the maintenance of the automobile in the business of the assured. This provision was held to be repugnant to statutory requirements in respect of the omnibus coverage clause and to be wholly void. There were, however, general exclusionary clauses in the policy to the same effect and these the court considered to be valid if applicable. It was held, however, that the state of Wisconsin, employer of both the driver and injured person, was not an additional assured as defined in the policy since it sustained no tort liability and that the exclusionary clauses relied upon were inapplicable.

In the *Schenke Case, supra,* one Bunich was driving an automobile with the owner's consent and the owner was riding with him at that time. The owner was injured through the negligence of Bunich and sued his own insurer. There the omnibus coverage clause contained the provision that insurance does not apply "to injury to or death of any person who is a named insured." The court states the question to be whether the insurance company by modifying the omnibus clause could give to the additional insured less protection or coverage than it gave to the named assured. This court held that it could not do this. The *Bernard* and *Madison Cases, supra,* were explained by pointing out that there the exclusions were general and were not attached to or made a part of the clause required by statute respecting additional assured. In the instant case the clause excluding liability for injury to the named assured is a part of the general coverage provisions and under the rule of the foregoing cases the provision is valid and effectively excludes the coverage.

It is urged with considerable force that it ought not to make a difference where the exclusion is placed in the policy because that is a mere mechanical detail. The point is well taken to this extent; if what is stated in the policy to be a general exclusion of coverage in fact denies to an additional

assured the same protection that is given to the named assured neither its form nor its location in the policy will save it or give it validity. On the other hand, we have held in the *Narloch* and *Schenke Cases* that there can be no modification whatever attached to the omnibus coverage clause. An exclusion purporting to be a part of this clause is assumed from its location to be discriminatory and in any case is held to be void as an intent to add to statutory exceptions. The foregoing indicates that the inquiry in this case is very narrow: Does the exclusion of coverage for injuries to a named assured, no matter where it is placed in the policy, necessarily result in giving to the additional assured less protection than that given to the named assured?

In the previous cases heretofore discussed we have held that this inquiry should receive a negative answer and we are not persuaded that we should change our views in this matter. The additional assured is not protected in case plaintiff is the named assured. Neither, however, is the named assured protected in that same situation. The mere fact that the situation does not come up in respect to the named assured because he is ordinarily driving his car and injured by his own negligence appears to us to be wholly immaterial. Nobody can or does receive protection against liability for injuries to the named assured. The named assured is excluded from protection as well as the additional assured. There is no discrimination and we see no reason to abandon the decisions of the earlier cases on this point. The only statutory limitations upon the powers of the parties to contract are those contained in sec. 204.30 (3), Stats., which requires the omnibus coverage clause, and sec. 204.34 (2), which forbids general exclusion of coverage on the basis of relationship to the assured. We see no ground upon which this court can properly limit the power of contract beyond the prescriptions of the statutes. The fact that the foregoing limitations have been put by statute upon the power to con-

tract indicates a legislative view that public policy calls for no other limitation. The earlier cases have stood without legislative interference for a considerable time and policies have been issued and rates made in reliance upon them. We think that we should adhere to the rule of these cases.

.*By the Court.*—Judgment reversed and cause remanded with directions to grant summary judgment dismissing the cross complaint of defendant Theige.

FAIRCHILD, J. (*dissenting*). Sec. 204.30 (3), Stats., reads:

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: . The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. *Such indemnity shall also extend to any person,* firm or corporation *legally responsible for the operation of such automobile.* The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy; . . . provided, however, that no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, indorsed hereon."

This section permits of but three limitations to omnibus coverage. These were set out in *Schenke v. State Farm Mut. Automobile Ins. Co.* 246 Wis. 301, 304, 16 N. W. (2d) 817: "(1) The operation must be with permission; (2) the omnibus coverage does not apply to a public garage or an automobile repair shop, sales agency, service station and/or the

agents, or employees thereof; and (3) it does not apply for the benefit of the purchaser where the automobile is sold."

Those are the only instances in which the coverage of the additional insured is not to be the same as that of the named assured. Except for them the statute requires that the terms of automobile insurance policies shall apply with equal force to the driver of a car whether he is the named assured or a person who is driving the car with the owner's permission, that is, an additional insured.

On this appeal we are concerned with an insurance policy which contains this required omnibus clause. In another part of the policy there is an "exclusion" of the named assured from recovery under the policy for bodily injury or death. The question is, Does that exclusion operate to make the coverage of the additional insured any less than that of the named assured? If it does, then, as the majority points out, the fact that it appears in a different part of the policy and under a different name does not free it from the statutory requirements.

It is clear that had the named assured himself been driving he would not be able to recover against the insurance company. It is also clear that the driver of the car in this case—the additional insured—cannot recover. This policy, as appellant points out, is not for accident insurance but for liability insurance.

Here, however, the named insured was a passenger in the car. He was injured through the driver's negligence. He has a cause of action against the driver for his injuries due to that negligence. Had the named assured been driving he would have been indemnified for all damages recovered against him. Under the exclusions in the insurance policy the driver is not indemnified by the insurance company for damages he may have to pay to the named assured. Yet the legislature has said that insurance policies shall be extended with equal coverage to anyone who is driving the car with

the owner's permission. If we are to follow the wording and purpose of the statute, we must hold that the clause in the policy is inoperative.

There is one important point on which I cannot agree with the decision in this case. In a number of cases this court has held that a limitation on the coverage of the additional insured is valid if it appears in a general exclusion clause of the policy; however, if it appears in the omnibus coverage clause it has been held void as an attempt to add to the statutory exceptions. In other words, this court has not only held that the equal coverage to additional insured required by statute can be circumvented, but also that this can be done by the mere mechanical device of placement in the policy. I do not believe that this is what the legislature intended.

In a few cases we did give a mistaken construction to the statute. But the language of the statute is clear. "There is no safer or better-settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses, and no room is left for construction." *Swarts v. Siegel* (8th Cir.), 117 Fed. 13, 18. See also *Travelers' Ins. Co. v. Fricke,* 94 Wis. 258, 266, 68 N. W. 958.

I cannot agree with the majority that, because such construction has been given, it *ipso facto* must stand. Because the legislature has not amended the statute to correct that construction is not controlling. Mere legislative silence, standing alone, is not sufficient to indicate that the legislature has acquiesced in the court's construction. *Girouard v. United States,* 328 U. S. 61, 66 Sup. Ct. 826, 90 L. Ed. 1084; concurring opinion of Mr. Justice RUTLEDGE in *Cleveland v. United States,* 329 U. S. 14, 21, 67 Sup. Ct. 13, 91 L. Ed. 12; *Zazove v. United States* (7th Cir.), 162 Fed. (2d) 443; *Rosemary Properties, Inc., v. McColgan,* 29 Cal. (2d) 677, 177 Pac. (2d) 757. Now that the mistake is clear, I believe that in the best interests of justice those cases

should be overruled. *Wentz v. Price Candy Co.* 352 Mo. 1, 9, 175 S. W. (2d) 852, 855.

*Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 240 N. W. 881, is not applicable in this case. It comes within a limitation provided for in the statute. The statute provides that the insurance shall only apply "when such automobile is being used for the purposes and in the manner described in said policy."

The legislature has said, then, in clear unequivocal language that the policy should give the additional insured equal protection with the named insured. This court has gone on record holding that the validity of a limitation on the coverage to the additional insured depends not on the statute but on the location of the clause in the insurance policy. The wording of the exclusion in *Schenke v. State Farm Mut. Automobile Ins. Co.* 246 Wis. 301, 16 N. W. (2d) 817, and in this case is practically identical. In the *Schenke Case* it was held void because it appeared in the omnibus coverage clause. In this case it is held valid because it appears in a general exclusion clause. I submit that such a technicality should not be allowed to defeat the avowed purpose of the statute.

BROADFOOT, J., took no part.