MUSSELMAN, Appellant, vs. MUTUAL AUTOMOBILE INSURANCE COMPANY OF THE TOWN OF HERMAN, Respondent.

*March 3—April 6, 1954.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* and *Jack R. Jewell,* both of Milwaukee.

For the respondent there was a brief by *Puhr, Peters, Holden & Schlosser,* and oral argument by *Wayne W. Schlosser,* all of Sheboygan.

MARTIN, J.   This case is governed by *Frye v. Theige* (1948), 253 Wis. 596, 34 N. W. (2d) 793. There, as here, the plaintiff named insured, who was riding in his own automobile driven by another with his permission, sought to

recover against his insurance company for the negligence of his permittee.

Plaintiff contends, however, that the holding of the *Frye Case* has been overruled by the subsequent decisions in *Sandstrom v. Estate of Clausen* (1951), 258 Wis. 534, 46 N. W. (2d) 831, and *McMann v. Faulstich* (1951), 259 Wis. 7, 47 N. W. (2d) 317. We cannot agree. Both of those cases were concerned with the definition of the "insured" as applied to the exclusion clause of bodily injury to or death of any *employee of the insured* while engaged in the employment. The same situation was presented in the recent case of *Schneider v. Depies* (1954), ante, p. 43, 62 N. W. (2d) 431.

But we are here concerned with the applicability of the clause which excludes coverage of bodily injury or death of "any person who is *named insured.*" That was the question in the *Frye Case,* and it was there held (p. 601) :

"The additional assured is not protected in case plaintiff is the named assured. Neither, however, is the named assured protected in that same situation. The mere fact that the situation does not come up in respect to the named assured because he is ordinarily driving his car and injured by his own negligence appears to us to be wholly immaterial. Nobody can or does receive protection against liability for injuries to the named assured. The named assured is excluded from protection as well as the additional assured. There is no discrimination and we see no reason to abandon the decisions of the earlier cases on this point. The only statutory limitations upon the powers of the parties to contract are those contained in sec. 204.30 (3), Stats., which requires the omnibus coverage clause, and sec. 204.34 (2) which forbids general exclusion of coverage on the basis of relationship to the assured. We see no ground upon which this court can properly limit the power of contract beyond the prescriptions of the statutes. The fact that the foregoing limitations have been put by statute upon the power to contract indicates a legislative view that public policy calls for no other limitation.

The earlier cases have stood without legislative interference for a considerable time and policies have been issued and rates made in reliance upon them. We think that we should adhere to the rule of these cases."

The holding in that case has in no sense been modified or overruled by the cases plaintiff cites.

Plaintiff points out that the language of the exclusion clause here involved does not contain the word "a" preceding the words "named insured," whereas the phraseology of the clause considered in the *Frye Case* was "a named insured." We cannot see that such difference changes the meaning of the language in any way. Musselman, the plaintiff, is the insured named in the policy. Under no definition of the word "insured" can any person other than Musselman be considered a *named* insured. The proposition is too self-evident to warrant further discussion.

*By the Court.*—Judgment affirmed.

FAIRCHILD, C. J. (*dissenting*). In noting our dissent, Mr. Justice BROADFOOT and I consider that the amount of our effort ought to be measured by the probable paucity of its effect, and therefore respectfully call attention to the dissenting opinion in *Frye v. Theige,* 253 Wis. 596, 602, 34 N. W. (2d) 793, 796.