BULMAN (Hilda) and another, Plaintiffs and Respondents, vs. BULMAN (Dana) and others, Defendants: BADGER STATE CASUALTY COMPANY, Defendant and Appellant.

*November 7—December 6, 1955.*

For the appellant there was a brief by *William A. Cameron* and *Howard W. Cameron* of Rice Lake, and oral argument by *William A. Cameron.*

For the respondent Herbert Bulman there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar, Jr.*

For the respondent Ronald Kittleson there was a brief and oral argument by *William W. Ward* of New Richmond, guardian *ad litem*.

MARTIN, J. The appeal comes to this court on a statement of facts, in lieu of a record and transcript, from which it appears that on the day of the accident, July 28, 1953, the automobile owned by Odin Kittleson was being operated by Dana Bulman with the owner's permission; that Hilda Bulman was the only person injured in the accident; that the automobile was insured by Badger State Casualty Company under a policy of insurance which declared:

"Item 3. The insurance afforded is only with respect to such and so many of the following coverages as are indicated by a specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

"Coverages (as hereinafter defined)　　　Limits of Liability
". . .
"F—Bodily Injury Liability　　　$5,000 each person
　　　　　　　　　　　　　　　　　$10,000 each accident."

Under "Insuring Agreements" the policy provided:

"Coverage F—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Under the "Conditions" applicable to all coverages, it further provided:

"3. Limits of Liability—Coverage F. The limit of bodily injury liability stated in the declarations as applicable to 'each

person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to 'each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by two or more persons in any one accident."

This is an action for damages brought upon a contract of insurance and the provisions of the contract govern the measure of recovery. *Housner v. Baltimore-American Ins. Co.* (1931), 205 Wis. 23, 236 N. W. 546; *Engh v. Calvert Fire Ins. Co.* (1954), 266 Wis. 419, 63 N. W. (2d) 831.

As stated in the *Housner Case* (p. 28) :

" 'It is true that as a general rule a contract of insurance shall be construed most strongly against the insurer, but in our opinion the terms of this contract are not ambiguous. Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts, and parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy, and it is the duty of courts to construe and enforce such agreements as made and not to make new contracts for the parties.'

"The conditions in this policy must be construed with the insuring clause, and the insuring clause must inevitably be modified by the conditions, although in ascertaining the meaning to be given to the conditions when they are ambiguous, the construction should be a liberal one in favor of the insured."

The policy before us expressly states that the recovery of "each person" for all damages *"including damages for care and loss of services,* arising out of bodily injury . . . sus-

tained by one person in any one accident" shall be limited to $5,000.

It is contended by respondent that the allegation in appellant's answer that its policy provided insurance "in the amount of $5,000 for any one person, $10,000 for any one accident," which was not amended, would permit the entry of the judgment in favor of Herbert Bulman. We cannot agree. The allegation referred to is a general statement of the policy coverages, which would be subject to clarification or amplification by the terms of the policy itself where, as here, it is offered in evidence. In any event, the statement is not contrary to the express terms of the policy and even if it were, where the policy is in evidence, its terms would prevail.

Respondent relies, as did the trial court, on *Ehlers v. Automobile Liability Co.* (1919), 169 Wis. 494, 495, 173 N. W. 325, where there were two causes of action, one accruing to the injured person and the second accruing to the spouse. The action was brought under an indemnity bond required for the operation of a vehicle as a common carrier, which bond provided that the defendant would pay "all damages, not exceeding $2,500 to any one person, or $5,000 for any one accident." On appeal this court affirmed an order for a new trial on the ground that the jury verdict was inconsistent, but included in its opinion the following dicta, upon which respondent relies (p. 499):

"In our judgment there were damages to two persons here arising out of one accident, hence the limit of recovery would be $5,000 under the wording of the bond."

The wording of the insurance contract in this case, however, is very different from that upon which the court concluded that the spouse could recover under the upper limits of the bond in the *Ehlers Case*. There was nothing in the language of the bond to include her damages in those to which its limit of $2,500 applied. Here the policy explicitly states

that the company's liability of "$5,000 each person" is the limit for all damages, including those for care and loss of services, arising out of the bodily injury sustained by one person. The language is plain and unambiguous. While it is true that Herbert Bulman sustained damages by reason of the injury to his wife, quite separate and distinct in nature from those sustained by the wife, the insurance contract under which he seeks recovery includes his damages in those to which the limit of $5,000 applies. The measure of his recovery is not governed by the fact that his separate damages arose out of the same accident, but by the fact that they arose out of the same bodily injury.

One further question is presented. It is contended that the appellant is estopped from raising its policy defense on this appeal because one of its attorneys represented Ronald Kittleson, a minor, as guardian *ad litem,* without advising him that since the claim for damages was in excess of its policy limits, there would be a conflict of interest involved. We have before us the resignation of the previous guardian *ad litem* after judgment was entered, in which it is stated that there was a conflict of interest by reason of the appeal; and the appointment of the present guardian *ad litem;* but the agreed statement of facts which was signed by all parties, including the present guardian *ad litem,* does not indicate whether or not Ronald Kittleson was ever advised of such conflict and given an opportunity to defend himself against any possible judgment against him. In the absence of a proper record the question is not before us. If Ronald Kittleson suffers any damage because of the alleged misconduct, he may have his day in court against this appellant.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded with instructions to vacate said portion of the judgment as against the Badger State Casualty Company.