HAVLIK, Plaintiff, vs. BITTNER, Defendant and Respondent: NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY, Defendant and Appellant.

*January 10—February 7, 1956.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *James D. Herrick,* all of Madison.

For the respondent there was a brief by *Hill, Miller & Hill* and *Glenn R. Quale,* all of Baraboo, and oral argument by *Mr. Quale.*

BROADFOOT, J. The insurance policy contained, among others, the following provisions:

"III. Definition of 'Insured'

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof. . . .

"Exclusions

"This policy does not apply: . . .

"(o) under Coverage A to the insured or any member of the family of the insured residing in the same household as the insured."

The Insurance Company contends that the above-quoted exclusion clause is valid and that a named insured riding in his own automobile as a passenger cannot recover from it for personal injuries received as a result of the negligence of another who is driving the insured's automobile with his permission.

This question has been presented for determination upon two prior occasions. In the case of *Frye v. Theige,* 253 Wis. 596, 34 N. W. (2d) 793, this court upheld an exclusion clause in an automobile liability policy providing that the policy does not apply to bodily injury of any person who is a named insured; and stated that such an exclusion is not repugnant to sec. 204.30 (3), Stats., and is not discriminatory as giving to an additional insured less protection than that given to the named insured as required by said statute. The same rule was affirmed in *Musselman v. Mutual Automobile Ins. Co.* 266 Wis. 387, 63 N. W. (2d) 691. The writer of this opinion has never agreed with the reasoning in the *Frye Case* and dissented in the *Musselman Case.* However, the rule enunciated in those decisions has become the law of this state, and unless some other reason can be found for affirming the order, it must be reversed.

Bittner, Sr., calls attention to the following conditions contained in the policy:

"8. Financial Responsibility Laws—Coverages A and B

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle Financial Responsibility Law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance, or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the

terms of this policy except for the agreement contained in this paragraph. . . .

"22. Terms of Policy Conformed to Statute

"Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."

Because of these provisions he contends that subs. (21) (b) 2 and (21) (d) of sec. 85.09, Stats., must be read into the policy and when that is done the policy is ambiguous when read as a whole, and that the cited subsections of the statute invalidate the exclusion relied upon by the Insurance Company. The trial court so held.

Sec. 85.09, Stats., has two main divisions, the first part known as the "Safety Responsibility Law" and the second known as the "Financial Responsibility Law." The subsections thereof cited by Bittner deal with the Financial Responsibility Law. In brief, the Safety Responsibility Law provides for the posting of security following an automobile accident. The Financial Responsibility Law relates to the furnishing of proof of financial responsibility for the future. Thus the subsections quoted have reference only to future accidents, and there is no contention that Bittner had been involved in a prior accident and that the policy therefore had to conform to the subsections cited. Policies thereunder are restricted to persons mentioned in the statute from whom the commissioner of motor vehicles may require proof of financial responsibility. The inclusion of par. 8 of the "Conditions" of the policy does not enlarge the insurer's obligation where the insured has done nothing requiring his compliance with the Financial Responsibility Law. The trial court felt that the policy as a whole was ambiguous without pointing out the ambiguities.

In view of the decisions in the *Frye* and *Musselman Cases* the exclusion clause is capable of understanding without resort to rules of construction and Bittner's arguments cannot be upheld.

*By the Court.*—Order reversed. Cause remanded with directions to grant the motion of the National Farmers Union Property & Casualty Company for summary judgment dismissing the cross complaint of the defendant Lloyd W. Bittner, Sr., against it.