BAUMAN, Plaintiff, v. GILBERTSON and others, Defendants and Appellants: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Interpleaded Defendant and Respondent.

*May 7—June 2, 1959.*

468

For the appellants there was a brief by *Schlotthauer & Jenswold* of Madison, and oral argument by *John F. Jenswold*.

For the respondent there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, and oral argument by *Walter M. Bjork*.

CURRIE, J. The validity of an exclusion clause in a policy of automobile liability insurance, which excludes the named insured from coverage, was upheld by this court in

*Frye v. Theige* (1948), 253 Wis. 596, 34 N. W. (2d) 793, 50 A. L. R. (2d) 124. In *Musselman v. Mutual Automobile Ins. Co.* (1954), 266 Wis. 387, 63 N. W. (2d) 691, we again carefully reviewed the question and adhered to the holding in *Frye v. Theige, supra,* with two justices dissenting. Thereafter, a similar exclusion clause was upheld in *Havlik v. Bittner* (1956), 272 Wis. 71, 74 N. W. (2d) 798. The opinion in this latter case was written by Mr. Justice BROADFOOT who had dissented in the *Musselman Case.* In such opinion he stated (p. 73) :

"The writer of this opinion has never agreed with the reasoning in the *Frye Case* and dissented in the *Musselman Case.* However, the rule enunciated in those decisions has become the law of this state . . . ."

Mr. Chief Justice FAIRCHILD, who had dissented in the *Frye* and *Musselman Cases,* also joined in the opinion in *Havlik v. Bittner, supra.*

The appellants on this appeal have requested that we again reconsider the question and overrule *Frye v. Theige, supra,* and the subsequently decided cases which have applied the rule of that case. The question before the court in the *Frye Case* was one of statutory interpretation, it being contended that the policy exclusion violated the omnibus coverage clause required by sec. 204.30 (3), Stats. Although nearly eleven years have elapsed since the *Frye Case* was decided, the legislature has not seen fit to amend sec. 204.30 (3) so as to invalidate a policy exclusion clause which excludes the named insured from coverage. In the meantime certain automobile insurance companies have made use of such an exclusion clause while others have not. It is more than likely that some of the companies utilizing such an exclusion clause have established premium rates in reliance upon the validity of such a clause being upheld by the decisions of this court.

Under these circumstances we do not deem that this is a proper case in which to depart from the principle of *stare decisis*. Any change in the rule enunciated in *Frye v. Theige, supra,* should be made by the legislature and not by this court.

In order for the appellants to be entitled to contribution, common liability must be established. *Wait v. Pierce* (1926), 191 Wis. 202, 226, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276, and *State Farm Mut. Automobile Ins. Co. v. Continental Casualty Co.* (1953), 264 Wis. 493, 497, 59 N. W. (2d) 425. Inasmuch as the plaintiff Bauman cannot recover from his insurer, State Farm Mutual, no common liability exists between such company and the appellants. This precludes the appellants from securing contribution on their cross complaints against State Farm Mutual. The appellants urge that common liability is no longer required as an essential element of contribution under *Rusch v. Korth* (1957), 2 Wis. (2d) 321, 86 N. W. (2d) 464. We do not agree. The latter case in reality should not be classed as a contribution case but rather as one grounded on the principle of subrogation. *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 106, 92 N. W. (2d) 247.

In the instant case following the accident State Farm Mutual filed an SR-21 with the commissioner of the state motor vehicle department. The appellants further contend that this filing makes the company liable for contribution to the appellants. In *Pulvermacher v. Sharp* (1957), 275 Wis. 371, 82 N. W. (2d) 163, it was expressly held that such filing of an SR-21 did not preclude an insurance company from successfully defending an action instituted against it by its named insured where the policy contained an exclusion clause excluding such named insured from coverage. The rationale of such holding was explained in *Behringer v.*

*State Farm Mut. Automobile Ins. Co.* (1957), 275 Wis. 586, 594, 82 N. W. (2d) 915, as follows:

"However, in the *Pulvermacher Case* the injured person, who is the third-party beneficiary that the Safety Responsibility Law was designed to protect, was the *named insured* under the policy. The Safety Responsibility Law should not be so construed that the filing of an SR-21 would give such named insured the right to recover upon his own policy of insurance when he had already expressly contracted in such policy that there would be no coverage as to his own damages. This is because the SR-21 is filed to protect such named insured, as owner of the insured vehicle, against having his vehicle registration suspended. In this respect it is a filing for and in behalf of the insured and he should not be permitted to use it as a weapon against the insurance company."

As previously pointed out herein, without there being any liability on the part of State Farm Mutual to its named insured, the plaintiff Bauman, the appellants have no right to have contribution against such company for any part of the damages they may be required to pay to Bauman.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.
FAIRCHILD, J., dissents.