BEAN, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. KOVACIK and another, Defendants and Respondents: NATIONAL FIRE & MARINE INSURANCE COMPANY, Interpleaded Defendant and Appellant.*

*May 6—June 7, 1960.*

* Motion for rehearing denied, without costs, on October 4, 1960.

For the appellant there was a brief by *Arnold, Philipp & Murray* of Milwaukee, and oral argument by *James T. Murray.*

For the respondents Kovacik and United States Fidelity & Guaranty Company there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondents Dieter K. Lucas, by guardian *ad litem,* and Herbert H. Lucas, there was a brief by *Schneiderman & Strnad* of Milwaukee, and oral argument by *Burton A. Strnad.*

DIETERICH, J.   This is an action by Robert Bean to recover damages for personal injuries sustained in a collision between the motorcycle driven by Dieter K. Lucas and a 1958 Ford sedan owned and operated by the defendant, Robert Kovacik.  The plaintiff, Robert Bean, a minor, was a passenger on the rear seat of the motorcycle.  The accident occurred on May 12, 1958, at the intersection of North Twenty-Fifth street and West Meinecke street, in the city of Milwaukee.

Dieter K. Lucas, a minor under eighteen years of age, is a son of Herbert H. Lucas and resides with his father in the

city and county of Milwaukee, Wisconsin. The father, Herbert H. Lucas, pursuant to sec. 343.15, Stats. 1957, signed the application for an operator's license for his son and, under the statute, became jointly and severally liable with his minor son in operating the motorcycle.

The minor plaintiff, Robert Bean, and his father, instituted an action against the driver of the automobile, Robert Kovacik, his insurance company, United States Fidelity & Guaranty Company, and against the owner and operator of the motorcycle, Dieter K. Lucas and his father, Herbert H. Lucas. After the action was commenced, the attorneys for Dieter and Herbert Lucas tendered the defense to the appellant, National Fire & Marine Insurance Company, which refused to accept the tender on the basis of the exclusion of the liability coverage for anyone riding on the motorcycle as a passenger or driver contained in the policy. Thereafter, the attorneys for Dieter and Herbert Lucas interpleaded the National Fire & Marine Insurance Company as a party defendant. The appellant, National Fire & Marine Insurance Company then moved for summary judgment in its favor dismissing the cross complaints of the defendants on the basis of the liability-exclusion clause contained in its policy of insurance. On November 25, 1959, an order was entered denying the motion for summary judgment and the Insurance Company appealed.

The National Fire & Marine Insurance Company of Omaha, Nebraska, issued a policy of insurance to Dieter K. Lucas under date of April 21, 1958, with an expiration date of October 21, 1958. The premium for the six months' policy was $34.50. The policy described the vehicle as a 1955 model, two-wheel motor. The Insurance Company in its usual practice issued its combination automobile policy attaching thereto indorsements so as to make its policy applicable to the type of vehicle which it was insuring. Three

pertinent indorsements were attached to the policy of insurance. (1) The use of other automobiles, (2) motorcycle restrictive-coverage indorsement, and (3) special indorsement—motor scooters, motor bikes, motorcycles. The first indorsement provided:

". . . that such insurance as afforded by this policy shall apply only to vehicles of the type scheduled in the contract, and in no event shall the use of other automobiles coverage provided by this policy apply to automobiles.

"Nothing herein contained shall be held to vary, waive, alter, or extend any of the exclusions, conditions, or other terms of the undermentioned policy other than as above stated."

The second indorsement provides:

"*Motorcycle restrictive-coverage indorsement*—Such insurance as is afforded by this policy shall not apply while the vehicle is being driven in any prearranged race, competitive-speed contest, or hill-climbing contest."

The third indorsement provided:

"It is hereby understood and agreed that this policy does not cover any liability for injuries to anyone riding on or in or driving the . . . motorcycle described in this policy.

"This indorsement supersedes any terms or conditions of the policy to which it is attached, and condition 9 of the policy shall not apply if in conflict with this indorsement."

Condition 9 provides:

"*Financial-responsibility laws—Coverages A and B:* When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial-responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property-damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance, or use of the automobile during the policy pe-

riod, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

· ˙Coverages A and B (referred to in condition 9) provide:

"1. *Coverage A—Bodily Injury Liability:* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile.

"*Coverage B—Property Damage Liability:* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

The National Fire & Marine Insurance Company contends that the exclusion clauses contained in the policy are valid and that the plaintiff passenger and rear-seat rider of the motorcycle cannot recover from it for personal injuries received as the result of the negligence of the operator of the motorcycle.

It is elementary that the right to contract is a fundamental right and parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy.

The insurance carrier, in issuing a policy of liability insurance on a motorcycle, and the general public, are aware of the fact that there is a greater risk of injury involved in the operation as well as the riding upon the rear seat of a

motorcycle, it being common knowledge that the operation of the motorcycle requires proper balancing on the part of the operator as well as the passenger in order for it to be propelled upon the two wheels.

In *Haussler v. Indemnity Co.* (1923), 227 Ill. App. 504, and as quoted in *Housner v. Baltimore-American Ins. Co.* (1931), 205 Wis. 23, 28, 236 N. W. 546, and again in *Bulman v. Bulman* (1955), 271 Wis. 286, 289, 73 N. W. (2d) 599, it is stated:

" 'Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts, and parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy, and it is the duty of courts to construe and enforce such agreements as made and not to make new contracts for the parties.' "

The policy in this case was not an automobile policy. It was a motorcycle policy.

In the instant case the clause excluding liability for injury to the named insured as the operator of the motorcycle and to the passenger or rider on the rear seat of the motorcycle is a part of the general coverage provisions of the policy, and under the rule adopted by this court in *Frye v. Theige* (1948), 253 Wis. 596, 34 N. W. (2d) 793, *Musselman v. Mutual Automobile Ins. Co.* (1954), 266 Wis. 387, 63 N. W. (2d) 691, and *Havlik v. Bittner* (1956), 272 Wis. 71, 74 N. W. (2d) 798, the exclusion clause contained in the motorcycle policy is valid.

In *Bauman v. Gilbertson* (1959), 7 Wis. (2d) 467, 469, 96 N. W. (2d) 854, all prior cases bearing on the question of exclusion clauses with respect to the omnibus provisions of the statutes were reviewed. This court stated:

"Although nearly eleven years have elapsed since the *Frye Case* was decided, the legislature has not seen fit to

amend sec. 204.30 (3) so as to invalidate a policy exclusion clause . . ."

The question as to the omnibus provision of the statute, in view of this decision, became immaterial on the facts in this case.

## SR-21.

The statutes of the state of Wisconsin do not provide for compulsory motor vehicle insurance.

In the instant case no SR-21 was filed by the insurance carrier. It is the contention of the National Fire & Marine Insurance Company that its policy of insurance met the minimum-monetary filing requirements of the motor vehicle department, and that the policy was applicable to injury or damage sustained as a result of the collision involving the motorcycle with the exception of liability to the operator or passenger riding on the motorcycle.

Sec. 344.15 (5), Stats., does not require an insurance carrier to notify the motor vehicle commissioner of the exclusion clauses contained in its motor vehicle policy. The defenses set forth in sec. 344.15 (5), Stats., which require notice to the motor vehicle commissioner are not applicable to this case.

The trial court's order denying summary judgment dismissing the cross complaint of Dieter K. Lucas, by his guardian *ad litem,* Robert W. Schroeder, and Herbert H. Lucas against the interpleaded defendant, National Fire & Marine Insurance Company on its merits is reversed with instructions to dismiss the action against the National Fire & Marine Insurance Company, interpleaded defendant.

*By the Court.*—Order reversed, and cause remanded with directions to grant the motion of National Fire & Marine Insurance Company for summary judgment dismissing the

cross complaint of the defendants against the interpleaded defendant, National Fire & Marine Insurance Company.

FAIRCHILD, J. (*concurring*). I agree with the three propositions which, I understand, are fundamental to the decision, as follows:

1. The exclusion from the insurance policy of liability for injuries to a passenger on, or operator of the described motorcycle does not violate the omnibus coverage statute. Sec. 204.30, Stats.

2. Such exclusion does not so arbitrarily or substantially vitiate the protection afforded by the policy as to violate public policy independent of statute.

3. Sec. 344.15 (5), Stats., assuming it to be valid, permits the issuing company to rely upon this exclusion without notifying the motor vehicle commissioner of its intention to do so.