George PIRC and Josephine Pirc, Plaintiffs,

v.

Rudie KORTEBEIN and Allied American Mutual Fire Insurance Company, Defendants and Third Party Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third Party Defendant.

No. 59–C–116.

United States District Court E. D. Wisconsin.

Sept. 16, 1960.

Jesse J. Habush and Raymond L. Mc-Clory, Chicago, Ill., for plaintiffs.

Reuben W. Peterson, Jr., Milwaukee, Wis., for defendants and third party plaintiffs.

John R. Henderson, Milwaukee, Wis., for third party defendant.

GRUBB, District Judge.

This is an action to recover damages for personal injuries resulting from an automobile accident which occurred in the State of Wisconsin on May 6, 1958. The plaintiffs are husband and wife and are domiciled in the State of Illinois.

The defendants have brought suit against the State Farm Mutual Automobile Insurance Company, the insurer of plaintiff, George Pirc, by way of a third party complaint, claiming contribution against said insurer for any amount paid by the defendants to the plaintiff, Josephine Pirc. Defendants claim that plaintiff, George Pirc, was guilty of causal negligence, contributing to cause the injuries of the plaintiff, Josephine Pirc.

The third party defendant has now moved for summary judgment based on the argument that since plaintiffs are man and wife and are domiciled in Illinois, there can be no common liability to support a claim for contribution for in Illinois a wife cannot sue her husband for torts committed by the husband. The motion is also brought on the ground that the policy issued by the third party defendant contains a "household exclusion" clause and a "no action" clause.

It is undisputed that the plaintiffs are married to one another, are domiciled in Illinois, and that the accident which gives rise to this action occurred in Wisconsin. The issue is whether the plaintiff, Josephine Pirc, could have successfully sued her husband in Wisconsin on such a state of facts so as to provide the common liability requisite as the basis for contribution.

It is clear that the State of Illinois does not allow a wife to sue her husband in tort for in Chapter 68, Section 1, Illinois Revised Statutes 1953, the following is found:

"A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture. An attachment or judgment in such action may be enforced by or against her as if she were a single woman."

In contrast, it is also clear that Wisconsin does allow a wife to sue her husband in tort. Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814.

In the above-cited case, the Wisconsin Supreme Court reversed a long line of decisions which held that interspousal liability for tort was governed by the law of the state in which the accident occurred and ruled that henceforth the law of the state of domicile of the husband and wife would govern. The court stated at page 138 of 7 Wis.2d, at page 818 of 95 N.W.2d:

"After most careful deliberation, it is our considered judgment that

this court should adopt the rule that, whenever the courts of this state are confronted with a conflict of laws problem as to which law governs the capacity of one spouse to sue the other in tort, the law to be applied is that of the state of domicile. * * "

The third party plaintiffs, notwithstanding the Haumschild decision, argue that Josephine Pirc could have sued her husband in a Wisconsin court. This contention is based on the argument that the Illinois Statute simply bars the wife's remedy but does not extinguish her cause of action. The third party plaintiffs further argue that under the applicable conflict-of-law rule, the suit could be maintained here for Wisconsin, the forum State, does provide a remedy to a wife suing her husband in tort. On the question of whether the right or the remedy is barred in Illinois, the third party plaintiffs cite Tallios v. Tallios, 345 Ill.App. 387, 103 N.E.2d 507; Brandt v. Keller, 413 Ill. 503, 109 N.E.2d 729; and Hindman v. Holmes, 4 Ill.App.2d 279, 124 N.E. 2d 344.

It must first be noted that it is quite doubtful whether the Illinois Statute does bar only the remedy. The decisions cited by the third party plaintiffs do not clearly decide the issue. The most that can be said is that there is a possibility that in Illinois a wife does have a cause of action against her husband although not a remedy. See Bodenhagen v. Farmers Mutual Ins. Co., 5 Wis.2d 306, 92 N.W.2d 759, 95 N.W.2d 822.

This question need not be decided for the rule of the Haumschild decision is equally applicable regardless of the basis of the Illinois rule that a wife cannot sue her husband in tort. The Wisconsin Supreme Court in its opinion made it plain that it considered the public policy of the domiciliary state in regard to interspousal immunity to be of utmost importance.

If this court were not to decide the question as the third party plaintiffs wish, it would be tantamount to saying that the public policy of the State of Illinois in regard to interspousal immunity would be important if the bar were substantive but that it is not if the bar were procedural. This is hardly logical for the policy of the State of Illinois—that is, the furtherance of domestic tranquility—is equally important regardless of the method used to effectuate it.

The Haumschild opinion does not make the distinction being pressed by the third party plaintiffs but in fact states at page 137 of 7 Wis.2d, at page 818 of 95 N.W. 2d:

"We are convinced that, from both the standpoint of public policy and logic, the proper solution of the conflict of laws problem, in cases similar to the instant action, is to hold that the law of the domicile is the one that ought to be applied in determining *any issue of incapacity* to sue based upon family relationship." (Emphasis added.)

■ The third party defendant has also moved for summary judgment on the ground that the policy of insurance contains valid "no action" and "household exclusion" clauses. The third party plaintiffs have conceded that the above-mentioned clauses are valid in the state where the policy was issued, i. e. Illinois. Under the law enunciated in the cases of Ritterbusch v. Sexmith, 256 Wis. 507, 41 N.W.2d 611, 16 A.L.R.2d 873, and Kranig v. State Farm Mutual Automobile Ins. Co., 9 Wis.2d 214, 101 N.W.2d 117, such defenses would normally be available to the third party defendant. Third party plaintiffs claim, however, that the third party defendant is estopped from asserting these policy defenses by virtue of the fact that it failed to return to the Wisconsin Motor Vehicle Department a form commonly known as an SR–21.

The facts in this regard are as follows: Subsequent to the accident involved herein, the plaintiff, George Pirc, received a notice of suspension from the State of Wisconsin Motor Vehicle Department on May 29, 1958, for failing to report a reportable accident. Thereafter, on June 9, 1958, the plaintiff, George Pirc, filed a report of accident with the Motor Vehicle

Department on what is commonly known as an SR-19 form. On June 10, 1958, the Motor Vehicle Department detached the bottom portion thereof, known as the SR-21, and mailed this form to the third party defendant. The form was never returned to the Motor Vehicle Department by the third party defendant.

Section 344.15(4) and (5) have a bearing on this question and are set out below:

"344.15 *Requirements as to policy or bond*

\* \* \* \* \* \*

"(4) After receipt of the report of an accident of the type specified in s. 344.12, the commissioner shall forward to the insurance company or surety company named therein, that portion of the report which pertains to an automobile liability policy or bond. The commissioner shall assume that an automobile liability policy or bond as described in this section was in effect and applied to both the owner and operator with respect to the accident unless the insurance company or surety company notifies the commissioner otherwise within 30 days from the mailing to the company of that portion of the report pertaining to the automobile liability policy or bond. Upon receipt of notice from the company that an automobile liability policy or bond was in effect as to the owner only, the operator only or was not in effect as to either of them, the commissioner shall within the remainder of the 60-day period specified in s. 344.13(3) require the owner or operator or both, whichever is applicable, to deposit security pursuant to this chapter. As respects permission to operate the vehicle, the company may correct the report only if it files with the commissioner within the 30-day period specified in this subsection an affidavit signed by the owner stating that the operator did not have the owner's permission to operate the vehicle. Where the company's failure to notify the commissioner within 30 days of a correction in that portion of the report pertaining to an automobile liability policy or bond is caused by fraud, the company shall notify the commissioner of the correction within 30 days of the time the fraud is discovered.

"(5) Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurance company or surety company in its automobile liability policy or bond except that if no correction is made in the report within 30 days after it is mailed to the insurance company or surety company, the company, except in case of fraud, whenever such fraud may occur, is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits."

In Bean v. Kovacik, 10 Wis.2d 646, 103 N.W.2d 899, a very similar question was before the Wisconsin Supreme Court. In that case the policy of insurance contained an exclusionary clause pertaining to the operator and passengers of the motorcycle which it covered. The argument was made that the insurance company was estopped from asserting this defense because it had failed to file an SR-21. The court decided that this failure to file did not estop the insurance company and in its opinion stated at page 652 of 10 Wis.2d, at page 902 of 103 N.W.2d:

"In the instant case no SR-21 was filed by the insurance carrier. It is the contention of the National Fire and Marine Insurance Company that its policy of insurance met the minimum monetary filing requirements of the motor vehicle department, and that the policy was applicable to injury or damage sustained as a result of the collision involving the motorcycle with the exception of liability to the operator

or passenger riding on the motor-cycle.

"Sec. 344.15(5), Stats., does not require an insurance carrier to notify the motor vehicle commissioner of the exclusion clauses contained in its motor vehicle policy. The defenses set forth in sec. 344.15(5), Stats., which require notice to the motor vehicle commissioner are not applicable to this case."

This decision rules the instant case, at least insofar as the "household exclusion" clause is concerned, for here, as in that decision, the policy defense is valid, and the defenses set forth in Section 344.15(5) are not applicable.

For the above reasons, the motion of the third party defendant for summary judgment dismissing the complaint of the third party plaintiff is granted.