BLASHASKI, Plaintiff, v. CLASSIFIED RISK INSURANCE CORPORATION, Third-Party Plaintiff and Respondent: FARMERS INSURANCE EXCHANGE, Defendant: MASHAK and others, Third-Party Defendants: CAVADINI, Third-Party Defendant and Appellant.

*No. 172. Argued September 10, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 924.)

The cause was submitted for the appellant on the brief of *Crosby & Esch* and *Fredric W. Crosby,* all of La Crosse, and for the respondent on the brief of *Moen, Sheehan & Meyer* and *L. E. Sheehan,* all of La Crosse.

HALLOWS, C. J.   This appeal involves the construction of a standard automobile liability policy, and although the facts are stipulated the parties do not seem to be in agreement upon the issue.   No doubt this is due to the indefiniteness of the pleadings and the inadequacy of the stipulation of facts.   Cavadini attempts to assert a cause of action by "realleges the facts of the collision as contained in the third party complaint," and then alleges that prior to the collision the defendant Roger Schulter provided beer and other intoxicating liquors to the extent that caused the intoxication of Peter Cavadini and thereafter he allowed Cavadini to drive the said automobile involved in the collision.   By reference to Classified Risk's complaint we find Roger Schulter owned a Chevrolet automobile which was insured at the time of the accident by Classified Risk, that the accident happened on May 5, 1967, and other details.   Cavadini's cross complaint then alleges the intoxicated condition of Peter Cavadini was among the causes of the collision and that the said collision was caused solely by the negligence of Roger Schulter in "giving liquor and beer to the said minor."

It was stipulated that Peter Cavadini was operating the automobile owned by Roger Schulter with his permission and consent at the time of the accident; that

the policy provided coverage to Peter Cavadini as an additional insured; that the policy insures against bodily injury sustained by any person "caused by accident and arising out of the ownership, maintenance or use of the automobile" and that shortly before the time of the accident Roger Schulter either "furnished or cooperated in furnishing beer to Peter Cavadini and that Peter Cavadini was under the influence of alcohol at the time of the accident in which he died."

Cavadini argues his claim is based not only on the negligence of giving intoxicating liquor to a minor but also upon Schulter's having allowed the minor to drive his automobile. Classified Risk argues that an automobile owner who furnishes liquor to another is not thereby operating or using his automobile; that Peter Cavadini as an additional insured cannot recover on the policy for his damages caused by his own negligence.

If the issue is restricted to the acts of the furnishing of liquor or beer to Peter Cavadini who became intoxicated, there would be no liability under the standard automobile liability policy because the mere furnishing of intoxicating liquor does not constitute a use of the automobile by the owner and supplier of the liquor within the meaning of the policy. We need not discuss whether a supplier of liquor is liable to the person supplied if such person is injured. We recently held in *Garcia v. Hargrove* (1970), 46 Wis. 2d 724, 176 N. W. 2d 566, a tavernkeeper was not liable to third parties injured in an auto accident for furnishing liquor to a driver of an automobile whom he had reason to believe had too much to drink and was going to drive an automobile.

Cavadini argues Schulter allowed Peter Cavadini to drive the car but this permission is not sufficient in itself and without more only makes Peter Cavadini an additional insured—a fact not denied by Classified Risk. Granting permission to drive is not alleged as a negligent use of the car by Schulter.

A standard automobile liability policy does not enlarge the insured's liability but insures such liability as may exist under the varying laws and to the limited extent and upon the conditions found in the policy. Before an insurer can be found liable, the insured must be liable but it does not follow that because an insured is liable that his insurer is.

We find no allegation of facts which shows Schulter was using the car for his own benefit. The stipulated facts do not cover it; there is no admission that Schulter was even in the automobile. Even if we take the reference to the cross complaint of Classified Risk, it is only alleged that Schulter at the time of the accident was in one or the other of the cars involved. Presumably he was in his own car; and we so stated in *State ex rel. Schulter v. Roraff* (1968), 39 Wis. 2d 342, 159 N. W. 2d 25, but it is not alleged or admitted that Schulter was using his car in this case.

We would have little difficulty in finding negligence on the part of the owner of an automobile in allowing an intoxicated minor to drive his car whether the owner remained in it or not; and if Schulter remained in the car and the driving was of a benefit to him directly or indirectly, he could be using his car within the meaning of the policy. One does not have to be driving or operating an automobile to be using it. *Kanios v. Frederick* (1960), 10 Wis. 2d 358, 103 N. W. 2d 114 (giving hand signals to traffic from a stopped vehicle) ; *Wiedenhaupt v. Van Der Loop* (1958), 5 Wis. 2d 311, 92 N. W. 2d 815 (loading a parked truck).

While it is true, driving an automobile while intoxicated is not per se actionable negligence because such negligence must combine with some other act of driving such as speed, lookout, or control, for example, to cause an injury, *see Bronk v. Mijal* (1957), 275 Wis. 194, 81 N. W. 2d 481; nevertheless, the cause of an accident is not determined by its most immediate factor. The doc-

trine of proximate cause in the strict sense of that term has been abandoned for the substantial-factor concept of causation to properly express "legal cause" or "cause." *Osborne v. Montgomery* (1931), 203 Wis. 223, 236, 234 N. W. 372; *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 55 N. W. 2d 29. Under the substantial-factor doctrine of causation, there is a tendency by this court to treat acts which might constitute proximate cause in a strict sense or intervening cause or superseding cause or a "static condition" as substantial factors in the chain of causation. *See Diener v. Heritage Mut. Ins. Co.* (1967), 37 Wis. 2d 411, 155 N. W. 2d 37; *Milwaukee & Suburban Transport Corp. v. Royal Transit Co.* (1966), 29 Wis. 2d 620, 139 N. W. 2d 595. Consequently, there may be several substantial factors contributing to the same result. The contribution of these factors under our comparative negligence doctrine are all considered and determined in terms of percentages of total cause.

Under this concept of causation, the act of knowingly allowing a minor who is intoxicated or who might reasonably become so to drive an automobile might well lie in the chain of causation if such intoxication contributed to an injury and might be considered a substantial factor along with other substantial factors. Consequently, we cannot agree with the argument that because an automobile accident is the immediate result of speed or lack of lookout, or lack of proper control or management that allowing an intoxicated person to drive cannot also be a cause.

Finally Classified Risk argues the driver of an automobile who is an additional insured under the policy cannot recover for his own negligence, but we think this argument is inapplicable where the owner's action in using the car is also a substantial factor in the chain of causation. A driver cannot recover under an insurance liability policy because he cannot sue himself for liability

and the policy only insures his liability to others. But the argument of Cavadini, unfortified by allegations, is not based on Peter Cavadini's negligence but on the negligent use of the car by Roger Schulter. To the extent that Schulter was negligent in the use of his car, Cavadini should be allowed to recover under the comparative negligence doctrine. Under this theory, whatever contributory negligence is found on the insured driver will not be a basis for recovery but will operate to deny his recovery in part or in total. Being an additional insured does not bar one from recovery from the insurer for the negligence of the insured.

Since the stipulation of facts and the pleadings do not adequately cover the use of the car by Roger Schulter, we must affirm the denial of coverage on the limited fact situation presented.

*By the Court.*—Judgment affirmed.