Vicki L. B<small>LASING</small>, Plaintiff,

v.

Z<small>URICH</small> A<small>MERICAN</small> I<small>NSURANCE</small> C<small>OMPANY</small>
and Menard, Inc., Defendants-Appellants,

J<small>EFFERSON</small> C<small>OUNTY</small> H<small>UMAN</small> S<small>ERVICES</small> D<small>EPARTMENT</small>,
Defendant,

A<small>MERICAN</small> F<small>AMILY</small> M<small>UTUAL</small> I<small>NSURANCE</small> C<small>OMPANY</small>,
Intervenor-Respondent.†

Court of Appeals

*No. 2012AP858. Oral Argument December 11, 2012.
—Decided January 3, 2013.*

2013 WI App 27

(Also reported in 827 N.W.2d 909.)

† Petition for Review granted 6-13-13.

30

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jeffrey S. Fertl* and *Melissa J. Lauritch* of *Hinshaw & Culbertson LLP*, Milwaukee.

On behalf of the intervenor-respondent, the cause was submitted on the brief of *David J. Pliner* and *Chester A. Isaacson* of *Corneille Law Group, LLC*, Madison.

Before Lundsten, P.J., Blanchard and Kloppenburg, JJ.

¶ 1. LUNDSTEN, P.J. Vicki Blasing was injured by an employee of Menard, Inc. while the employee was loading Blasing's truck with lumber. Blasing has automobile insurance through American Family Mutual Insurance Company. The question here is whether American Family must defend Menards and provide coverage if it is determined that the Menards employee negligently injured Blasing.

¶ 2. Menards argues that its employee is covered as a permissive vehicle user under Blasing's American Family automobile policy. The general rule is that permissive vehicle users are additional insureds under automobile policies and that they are covered to the same extent as a policyholder.[1] According to Menards, because its employee was loading Blasing's truck with

---

[1] In this opinion, we generally use the term "policyholder" to refer to a premium-paying named insured in Blasing's position. We realize that, under the particular policy provision at issue here, Blasing is a "named insured," and we will sometimes use

her permission, and because it is undisputed that loading a vehicle is "use" of the vehicle, it follows that the employee and, therefore, Menards is an additional insured and American Family must defend and possibly indemnify Menards for any liability Menards has with respect to the injured party, Blasing. American Family responds that, because Blasing is the premium-paying policyholder *and* the injured plaintiff in this case, it would be absurd to require her insurance company to defend and indemnify Menards.

¶ 3.   The circuit court, we think understandably, found it troubling that an automobile policy, purchased by a customer who was injured by a Menards employee, could be used by Menards to obtain a defense and, possibly, indemnification. However, for the reasons explained below, we conclude that permissive user coverage is required in this case by the omnibus statute, WIS. STAT. § 632.32.[2] If this is a result the legislature does not desire, it should amend the omnibus statute to prevent such results in the future. For now, we are bound by the statute. Accordingly, we reverse the circuit court.

### Background

¶ 4.   Blasing purchased boards from a Menards store in Jefferson, Wisconsin. She drove her pickup truck to the store's lumber yard, where a Menards employee used a fork lift to load the boards into Blasing's truck. Blasing was standing next to her truck. During this loading process, a few boards fell and struck Blasing's foot, causing injury.

---

that label. However, at oral argument the parties agreed that an appropriate shorthand for Blasing's status for purposes of this case is "policyholder."

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 5.  So far as the record discloses, there are two insurance policies that potentially provide coverage for Blasing's injury:  Menards carries a commercial general liability policy through Zurich American Insurance Company, and Blasing has an American Family automobile policy.[3]

¶ 6.  Although the issue has not been litigated to a decision, and although the Zurich policy is not in the record, there is no dispute that, if the Menards employee negligently caused Blasing's injury, there is coverage under the Zurich policy. If *both* policies provide coverage, the parties apparently intend to dispute which policy is primary. What is important for purposes of this appeal, however, is that the parties agree that if the American Family policy does not provide coverage, the Zurich policy would.

¶ 7.  Blasing commenced an action against Menards and Zurich, alleging negligence and a violation of the safe place statute.[4] Menards tendered its defense of

---

[3] Blasing's automobile policy with American Family states:  "We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer. We will defend any suit or settle any claim for damages payable under this policy as we think proper." The policy defines an "insured person" as "[a]ny person *using [Blasing's] insured car*," but excepts from this definition:

1)  "Any person, other than a relative, using [Blasing's] insured car without [her] permission . . . ."

2)  "Any person, other than a relative, using [Blasing's] insured car with [her] permission, but who exceeds the scope of that permission."

[4] For ease of discussion, we refer to the appellants Menards and Zurich collectively as Menards, although in several places it will be apparent from our discussion that our reference to Menards is solely to Menards.

34

Blasing's claims to American Family, asserting that Menards was covered under Blasing's policy because the Menards employee was a permissive user of Blasing's vehicle. American Family agreed to provide a defense, subject to a reservation of rights. American Family then moved to intervene and to stay the underlying proceedings on the merits pending resolution of the coverage issues. The court granted American Family's motions.

¶ 8. American Family moved for summary judgment, arguing that Menards is not covered as an additional insured under Blasing's policy because the Menards employee was not "using" Blasing's vehicle within the meaning of the policy or the omnibus statute and, therefore, Menards is not entitled to a defense or to indemnification. Menards, on the other hand, moved for an order declaring that American Family does have a duty to defend and indemnify Menards. The circuit court granted American Family's motion for summary judgment, finding that American Family has no duty to defend or indemnify Menards.[5]

### Standard Of Review

■

¶ 9. We review a motion for summary judgment de novo. *Jessica M.F. v. Liberty Mut. Fire Ins. Co.*, 209 Wis. 2d 42, 48, 561 N.W.2d 787 (Ct. App. 1997). Summary judgment is appropriate if the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2); *see also Mittnacht v. St. Paul Fire*

---

[5] The parties also assume, as do we, that there is no difference between Menards and its employee for purposes of the coverage issue on appeal.

*& Cas. Ins. Co.*, 2009 WI App 51, ¶ 4, 316 Wis. 2d 787, 767 N.W.2d 301. The parties here agree there are no disputed facts that prevent summary judgment.

¶ 10.   The more specific dispute here requires that we interpret a statute and apply it to undisputed facts. This is a question of law that we review de novo. *Andersen v. DNR*, 2011 WI 19, ¶ 26, 332 Wis. 2d 41, 796 N.W.2d 1.

## *Discussion*

¶ 11.   In their appellate briefs, the parties discuss the question before us both as an insurance policy interpretation question and as a question of what the omnibus statute requires. At oral argument, the parties agreed that it makes sense to resolve their dispute by interpreting the omnibus statute. The parties appropriately agreed that, if the omnibus statute requires that the policy provide coverage for Menards under the circumstances of this case, then American Family must provide coverage, regardless of the particular language in its policy. *See Frye v. Theige*, 253 Wis. 596, 600–01, 34 N.W.2d 793 (1948) ("[I]f what is stated in the policy to be a general exclusion of coverage in fact denies to an additional assured the same protection that is given to the named assured neither its form nor its location in the policy will save it or give it validity.").

¶ 12.   Accordingly, we focus our attention on applying the omnibus statute to the undisputed facts before us.

¶ 13.   We give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel.*

*Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of a statute is unambiguous, we apply that meaning, except when the statute's plain meaning produces an absurd result. Our supreme court has "repeatedly held that a statute should not be construed so as to work an absurd result even when the language seems clear and unambiguous." *Worachek v. Stephenson Town Sch. Dist.*, 270 Wis. 116, 124, 70 N.W.2d 657 (1955); *see also Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶ 62, 293 Wis. 2d 123, 717 N.W.2d 258 (court has a duty to "look beyond the plain meaning" when a statute's "plain meaning produces absurd results"). Absurd results include results the legislature could not have intended. *See, e.g., State v. Gilbert*, 2012 WI 72, ¶ 53, 342 Wis. 2d 82, 816 N.W.2d 215 ("This is an absurd result. The legislature could not have intended . . . that a committed sexually violent person could, by engaging in criminal behavior, terminate his own commitment."), *cert. denied,* 133 S. Ct. 560 (U.S. Oct. 29, 2012) (No. 12–6436).

¶ 14.   In this case, there is substantial agreement between the parties on the meaning of the omnibus statute as applied generally to non-policyholder tortfeasors. We begin with a general discussion of coverage for permissive users under the omnibus statute. We then address American Family's contention that the facts here reveal that there should be a narrow exception to the omnibus statute's general requirement that coverage extends to permissive users.

## A. *The General Meaning Of The Omnibus Statute*

¶ 15.   This court has explained that the omnibus statute, Wis. Stat. § 632.32, requires that automobile insurance policies provide additional vehicle users "the same protection as is afforded to the named insured."

*See Carrell v. Wolken*, 173 Wis. 2d 426, 436–37, 496 N.W.2d 651 (Ct. App. 1992). The omnibus statute accomplishes this by stating:

> Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

Wis. Stat. § 632.32(3)(a).

¶ 16.   In addition, the omnibus statute effectively imposes a *permissive* user requirement. It does this by mandating the coverage quoted above, and then providing an exception stating that a policy "may limit coverage . . . to use that is with the permission of the named insured or an adult member of that insured's household." Wis. Stat. § 632.32(5)(a).[6] The American Family policy at issue here, as is common, limits coverage to permissive users.

■

¶ 17.   Thus, the omnibus statute requires that automobile policies provide coverage to any person "using" the vehicle with permission of the named insured, "in the same manner" as the policy would if the liable party was the named insured. Wis. Stat. § 632.32(3)(a). We now turn our attention to the meaning of the word "using."

---

[6] Wisconsin Stat. § 632.32(5)(a) reads, in full:

> (5) Permissible provisions. (a) A policy may limit coverage to use that is with the permission of the named insured or, if the insured is an individual, to use that is with the permission of the named insured or an adult member of that insured's household other than a chauffeur or domestic servant. The permission is effective even if it violates s. 343.45(2) and even if the use is not authorized by law.

¶ 18.   The omnibus statute defines "using" to include "driving, operating, manipulating, riding in *and any other use.*" WIS. STAT. § 632.32(2)(h) (emphasis added). The parties agree that "using" a vehicle, under both the policy language and the omnibus statute, generally includes the action of loading and unloading a vehicle. This agreement is appropriate. A number of courts have concluded that loading and unloading a vehicle constitutes "use." *See, e.g., Allstate Ins. Co. v. Truck Ins. Exch.*, 63 Wis. 2d 148, 153, 156–57, 216 N.W.2d 205 (1974) ("use" includes removing a rifle from a van during a hunting trip); *Austin-White v. Young*, 2005 WI App 52, ¶¶ 8–10, 12–13, 279 Wis. 2d 420, 694 N.W.2d 436 ("use" includes using a bobcat to load a metal truck part into a pickup truck). This is true when it is reasonable to expect to use the type of vehicle at issue to transport the cargo being loaded or unloaded. *See Allstate Ins. Co.*, 63 Wis. 2d at 159–60 ("It was conceded by counsel for [the defendant] that the vehicle could naturally also be expected to be used for hunting trips such as the one in this case."); *Austin-White*, 279 Wis. 2d 420, ¶ 12 ("[T]he question is whether [the loading activity] . . . was a reasonably consistent use of the truck.").

¶ 19.   Turning to the facts here, because the policyholder, Blasing, would have been "using" her truck if engaged in the loading activity at Menards, and because it is undisputed that the Menards employee was acting with Blasing's permission to load Blasing's truck, the normal rule would be that the omnibus statute requires coverage for Menards under Blasing's American Family automobile policy. American Family argues, however, that this normal rule should not be applied here because it produces an absurd result. Accordingly, we now address the limited exception American Family asks us to read into the omnibus statute.

## B. American Family's Absurdity Argument

¶ 20.    American Family argues that construing the omnibus statute to require American Family to defend and indemnify Menards would be an absurd result because the injured party is American Family's policyholder. We understand American Family to be arguing that it would be absurd to require that a premium-paying policyholder's policy be used to provide a defense to an alleged tortfeasor, and possibly indemnify that tortfeasor, when:    (1) the tortfeasor has insurance that would otherwise provide sufficient coverage[7] and (2) the injured party is the policyholder.[8] American Family's

[7] American Family explained at oral argument that its argument is based on the assumption that, if there is no coverage for Blasing's injury under the American Family automobile policy, there will be coverage under Menards' Zurich policy. According to American Family, if that turns out not to be true, then Blasing has a "first-party claim" under her American Family policy. We understand this to be in keeping with American Family's view that the situation would be different in the context of underinsured or uninsured motorist coverage.

[8] Based on briefing, it appeared that American Family was drawing a distinction between the circumstance in which policyholders seek coverage under their policies and the circumstance in which they do not. However, American Family clarified at oral argument that the result here should not turn on whether a particular policyholder seeks coverage under his or her policy.

In addition, prior to oral argument, it appeared that American Family was placing significant weight on the proposition that, from Blasing's point of view, if American Family was required to defend and indemnify Menards, rather than Menards' own insurer providing a defense and indemnification, American Family might raise Blasing's premium. This topic is problematic because there is nothing in the record demonstrating that American Family does or would raise Blasing's premium

argument was perhaps best summed up by its attorney at oral argument:

> I think what the legislature would find absurd is the idea that someone who purchases a liability policy for the purpose of defending against the claims of a third party who is alleging [that the third party is] injured, that that policy that the insured paid for must now turn around and [be used to] hire the attorney to defend the alleged tortfeasor against the claims of the policyholder who is herself the injured party.

We are not persuaded.

¶ 21.  The issue here involves providing coverage to a permissive vehicle user who is not a policyholder. The proposition that policyholders pay for insurance that is sometimes used to, in effect, assist a permissive user tortfeasor is nothing unusual. For example, during oral argument American Family's attorney agreed that, when a permissive user tortfeasor injures a third party, there is coverage, assuming other requirements for coverage are met.

---

in the circumstances presented. Furthermore, this is an odd absurdity argument because a raised premium would be an absurdity of American Family's own making. That is, American Family itself can avoid what it deems an absurd consequence by simply not raising Blasing's premium. When American Family's counsel was asked about this aspect of American Family's argument during oral argument, he did not explain further. Instead, his response was that "it goes beyond the question of raising the premiums in terms of what's absurd" and "goes back to the [fact that] . . . American Family would still have to hire a lawyer to defend Menards against Ms. Blasing's own claim." We conclude that we have both insufficient argument and an insufficient record to take this potential-raised-premium factor into account.

¶ 22. Also, American Family agrees that coverage is contemplated in some situations where the interests of the policyholder are adverse to his or her automobile insurer to the extent that the insurer may provide a defense to an alleged tortfeasor who injures the policyholder. This would arise, for example, if a policyholder loaned his car to an uninsured driver who drove over the policyholder's foot and there was a dispute as to whether the permissive user was negligent.

¶ 23. Nonetheless, American Family contends that uninsured or underinsured permissive-user-tortfeasor scenarios are different because coverage arises under a different portion of the automobile policy—the underinsured or uninsured portion. In these scenarios, according to American Family, a policyholder would expect that his or her policy would provide a defense to the tortfeasor who injured the policyholder. In the words of counsel for American Family: "I believe a reasonable insured understands that if they make a first-party claim [under] UM coverage UIM coverage, that the insurance company has the right to defend and to dispute that claim because it's a first-party claim."

¶ 24. We conclude that American Family is drawing distinctions that neither legislators nor reasonable policyholders would make. Policyholders understand that their interests may frequently diverge from the interests of their insurance companies. And, as American Family admits, a policyholder generally understands that his or her own insurance company may provide a defense to parties with interests adverse to the interests of the policyholder.

¶ 25. On a more concrete level, why would a policyholder care which insurance company provides defense counsel (or indemnification for that matter) to a tortfeasor, if there is no reason to think that this difference will

affect the result of the proceeding? For example, in this case Blasing alleges that she was negligently injured by a Menards employee. Whether provided by American Family or Zurich, Menards will have representation. And, whether or not the Menards employee is determined to be negligent, the effect on Blasing is the same regardless which insurer provides Menards with a defense and indemnification. Recall that American Family's premise is that there is sufficient coverage for Blasing's alleged damages under either insurer's policy.[9]

¶ 26. The attorney for American Family suggested at oral argument that, if we hold that Menards has coverage here, it will open a door that has previously been thought closed. However, the parties provide no reason to suppose that alleged tortfeasors like Menards have not, in the past, benefitted from the automobile policies of their customers. At least one case that the parties discuss suggests otherwise.

¶ 27. In *Lukaszewicz v. Concrete Research, Inc.*, 43 Wis. 2d 335, 168 N.W.2d 581 (1969), a trucking company's employee drove a truck onto the premises of a concrete company. *Id.* at 337. An employee of the concrete company began loading concrete slabs onto the truck and, in the process, injured the trucking company's driver. *Id.* The injured driver sued the concrete company. *Id.* Although the concrete company, like Menards here, had a general comprehensive liability policy, the company nonetheless sought coverage under the trucking company's automobile policy.

¶ 28. Pertinent here, one issue in *Lukaszewicz* was whether the automobile insurance carrier could avoid providing coverage to the concrete company be-

---

[9] And, it bears repeating, American Family has failed to adequately support its contention that one possible difference is a potential increase in Blasing's premium. *See* footnote 8, *supra.*

cause loading and unloading accidents were excluded from coverage in the automobile policy if the accident occurred on the premises of the alleged tortfeasor. *Id.* at 339–40. The *Lukaszewicz* court held that the exclusion was impermissible under the omnibus statute because the exclusion thwarted the statute's requirement that permissive users have the same coverage as a named insured would have. *Id.* at 340–41.

¶ 29.   We do not mention *Lukaszewicz* because it sheds any direct light on the merit of American Family's argument here—it does not. The argument American Family makes here was not made or addressed by the *Lukaszewicz* court. Appellant's Brief, *Lukaszewicz v. Concrete Research, Inc.*, 43 Wis. 2d 335, 168 N.W.2d 581 (1969) (No. 311), found in VOL. 3033, APPENDICES & BRIEFS, tab 5 (Wis. State L. Libr.). Rather, we point to *Lukaszewicz* to respond to American Family's suggestion that a decision in favor of Menards would break new ground. If that is true, it is not discernible based either on the case law we have reviewed or on the record before us.

¶ 30.   What is left of American Family's absurdity argument is simply the abstract idea that it is unfair or unexpected that an injured policyholder bringing suit against a tortfeasor would face an attorney supplied by her own insurance company, and that an eventual payout might come from her insurer. This result may seem odd to some, but it does not rise to the level of being unreasonable or absurd. If the legislature, with its attention now focused on this specific scenario, believes that tortfeasors in Menards' position should not have such coverage, the legislature can amend the omnibus statute.

¶ 31.   We close by observing that the result here would be the same even if we analyzed the issue as a

44

policy construction question. Looking at the policy language, American Family admits that, in most cases, the test for whether a person is "using" a vehicle, and thus is covered under the policyholder's own insurance, is whether the use is "reasonably consistent with the inherent nature of the vehicle." *Lawver v. Boling*, 71 Wis. 2d 408, 416, 238 N.W.2d 514 (1976). And, courts have used this test to determine if loading and unloading of a vehicle is within a vehicle's inherent nature and therefore constitutes use. American Family nonetheless argues that, under *Lawver* and other cases, there is an overriding principle that applies. In the words of *Lawver*, the principle is that policies should be construed consistent with "the risk for which the parties to the contract reasonably contemplated there would be coverage." *Id.* According to American Family, the problem is not that a reasonable policyholder would not contemplate that loading of his or her truck with permission by the employee of a business is not "use" of his or her vehicle. Rather, American Family contends, the problem is that, if this "use" resulted in the truck owner being injured and then suing the business, no reasonable person would think that a policyholder's own insurance company would be compelled to defend the lawsuit against the policyholder. It is sufficient to say here that, even if we were to analyze this dispute as one over policy interpretation, we would reach the same result for the reasons discussed above.

### C. *Menards' Safe Place Argument*

¶ 32. Menards seemingly argues that, if American Family must provide a defense and indemnity to Menards under Blasing's automobile policy, American Family must also provide a defense to Menards for purposes of Blasing's safe place claim. American Family

does not dispute the general proposition that an insurer has a duty to defend all claims in a lawsuit, even if one or more of the claims are not covered. What American Family does say is that the question of how the "respective duties of American Family and Zurich would play out, *if* Menards qualified as an insured under the American Family policy . . ., was not raised in the circuit court and is not an issue on appeal" (emphasis in original). It may be that American Family means to argue that, if there is coverage under the Zurich policy for the safe place claim, then perhaps it is Zurich that should be defending the entire lawsuit. We are unsure. We conclude that the briefing before us on this issue is inadequate—it is not apparent that the parties disagree on a legal issue that we might resolve. If, on remand, a dispute in this regard does arise, the circuit court will have to address it.

### *Conclusion*

¶ 33. The omnibus statute requires that any permissive user of an insured's vehicle must be extended coverage in the same manner as coverage is extended to the policyholder. American Family has failed to demonstrate that the application of this requirement to the facts before us is an absurd result. We conclude that American Family has a duty to defend and indemnify Menards. We therefore reverse the decision of the circuit court.

*By the Court.*—Order reversed and cause remanded for further proceedings.