SHIRLEY S. ABRAHAMSON, C.J.
¶ 1. This is a review of a published decision of the court of appeals reversing an order of the circuit court for Jefferson County, William F. Hue, Judge, and remanding the cause for further proceedings.[1] The circuit court granted American Family Insurance Company's motion for summary judgment, ruling that American Family had no duty to defend or indemnify under its automobile liability insurance policy. The court of appeals reversed the order of the circuit court, holding against American Family. We affirm the decision of the court of appeals.
*67 ¶ 2. Vicki Biasing, the plaintiff, was injured when lumber that was being loaded into her pickup truck by an employee of Menard, Inc. fell on her foot. Vicki Biasing is the named insured in the American Family policy.
¶ 3. The plaintiff, a named insured, brought a tort action for personal injury damages against Menard and Zurich American Insurance Company. The plaintiff did not sue the Menard employee. Menard's potential liability is vicarious liability for the torts of its employee. Menard claims its employee is an insured under the American Family policy, as a permissive user of the plaintiffs pickup truck. Menard is insured under a separate general liability insurance policy issued by Zurich Insurance to Menard.
¶ 4. Let us begin by stating what is and what is not at issue before the court.
¶ 5. The ultimate question before the court is whether American Family has a duty to defend and indemnify Menard when the injury was to the named insured under the American Family policy and the alleged tortfeasor (a Menard employee) was a permissive user of the vehicle insured under the American Family policy.
¶ 6. What is not before the court are the merits of the personal injury action; the plaintiffs personal injury action has been stayed pending resolution of this insurance policy dispute.
¶ 7. What is not before the court are the obligations of Zurich Insurance under its general liability insurance policy insuring Menard and the respective duties of American Family and Zurich Insurance if the court holds that American Family has a duty to defend and indemnify in the present case. The Zurich Insurance policy is not in the record, and the parties are not *68 debating Zurich Insurance's obligations in isolation or in relationship to the obligations of American Family. Any such dispute between American Family and Zurich Insurance is for another day. The parties apparently agree that the Zurich Insurance policy will fully cover Menard's liability, if any, for damages, if any, incurred by the plaintiff.
¶ 8. The issue presented in the present case, simply stated, is whether American Family is obliged under the policy it sold to the named insured-plaintiff in the present case to defend and indemnify an alleged tortfeasor when the tortfeasor is a permissive user of the insured vehicle and the plaintiff-injured victim is the named insured.[2]
¶ 9. In order to answer this question, the court must address three separate inquiries.
¶ 10. First: Do the alleged tortfeasor's actions constitute a "use" of the pickup truck under the American Family liability policy?
¶ 11. Second: Does American Family's automobile liability insurance policy require American Family to defend and indemnify a permissive user tortfeasor when the injured victim is the named insured under the policy? The key and sole argument made by American *69 Family and by the non-party Wisconsin Insurance Alliance is that interpreting American Family's policy to provide a permissive user tortfeasor defense and indemnity for injury to the named insured creates an absurd result.
¶ 12. Third: The third question as phrased by American Family is as follows: "Does the concept of a permissive user under the Omnibus Statute, [Wis. Stat.] § 632.32(3)(a) [2011-12],[3] require an injured person's own liability insurer to defend and indemnify the tortfeasor who injured the insured, [when] the tortfeasor has its own liability insurance?" (Emphasis and footnote added.) This statement of the issue speaks in terms of the concept of the omnibus statute and other insurance coverage available to the permissive user tortfeasor.
¶ 13. Zurich Insurance phrases the question somewhat differently, referring directly to the omnibus statute and omitting any reference to the permissive user having its own liability insurance: "Does the omnibus statute, Wis. Stat. § 632.32(3)(a), require that an automobile insurer defend and indemnify a negli *70 gent tortfeasor who injures the named insured, where the tortfeasor was a permissive user of the insured vehicle?"
¶ 14. The court of appeals answered the first two questions in the affirmative and answered the third question by stating, "[Pjermissive user coverage is required in this case by the omnibus statute, Wis. Stat. § 632.32."[4]
¶ 15. American Family asks us to reverse the court of appeals and hold that the American Family policy does not cover the liability of a permissive user tortfeasor who injures a named insured because such a result is absurd; "insurance policies should be given a reasonable interpretation and not one which leads to an absurd result."[5]
¶ 16. We are not convinced by American Family's argument that the result that the court of appeals reached and that we reach is absurd. Rather, the American Family policy explicitly provides coverage in the present case: The policy promises to cover any insured for liability for damages to any person. It does not exclude recovery by an injured victim who happens to be the named insured or who happens to be another insured under the policy.
*71 ¶ 17. Our case law demonstrates that our holding today is not novel and has not been viewed as absurd or unreasonable in past cases. Several Wisconsin cases have held that the named insured under an automobile liability insurance policy is not precluded from recovering on the policy when an additional insured, while using the vehicle within the terms of the policy, inflicts injury upon the named insured.[6] Indeed, Wisconsin case law has followed what appears to be the majority rule "recognizing that the named insured under an automobile liability insurance policy may recover from the insurer when injured by another insured under the policy."[7] "In the greater number of cases, the courts . .. *72 have sustained the right of the named insured... to recover under an automobile liability policy for an injury to . . . such insured." 7A Steven Plitt et al., Couch on Insurance 3d § 110:14 (2013).
¶ 18. Because we dispose of the instant case based on the text of the American Family policy, we need not and do not address the third question, namely whether exclusion of coverage of injury to the named insured contravenes the omnibus statute. An answer to this question would require us to determine the validity of a hypothetical provision in a hypothetical policy. We do not know the exact policy exclusion language or the facts.
¶ 19. For the reasons set forth, we affirm the decision of the court of appeals.
I
¶ 20. This case requires us to interpret and apply an insurance policy and a statute to undisputed facts. The interpretation of a statute and insurance policy and their application to undisputed facts ordinarily present questions of law that this court decides independently of the circuit court or court of appeals, but benefiting from their analyses. Showers Appraisals, LLC v. Musson Bros., 2013 WI 79, ¶ 21, 350 Wis. 2d 509, 835 N.W.2d 226; Schinner v. Gundrum, 2013 WI 71, ¶ 35, 349 Wis. 2d 529, 833 N.W.2d 685.[8]
¶ 21. We review a grant of summary judgment de novo, using the same methodology as the circuit court. *73 Schinner, 349 Wis. 2d 529, ¶ 36. Summary judgment is proper when the record demonstrates that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2); Schinner, 349 Wis. 2d 529, ¶ 36.
II
¶ 22. The facts surrounding the alleged incident and injuries are undisputed for purposes of this review. On September 16, 2008, the named insured-plaintiff, Vicki Biasing, visited a store owned and operated by Menard, Inc. in the Village of Johnson Creek, Jefferson County, Wisconsin, to pick up lumber she had purchased at Menard. She drove her 1990 Chevrolet pickup truck to the store and parked it in a lumberyard area.
¶ 23. An employee of Menard used a forklift to place the purchased lumber into the plaintiffs pickup truck, which was insured by the American Family policy. The plaintiff stood near the rear passenger side of her truck. While the employee was attempting to place the lumber into the pickup truck, some of the lumber fell and hit the plaintiffs foot.
¶ 24. The plaintiff initiated a personal injury action against Menard and Zurich Insurance, Menard's insurer, on January 24, 2011, for injuries arising out of the falling lumber incident, alleging both common-law negligence and a violation of the Wisconsin Safe Place Statute, Wis. Stat. § 101.11. It appears to be undisputed that the Zurich Insurance policy will fully indemnify Menard and fully compensate the plaintiff for her injuries if the plaintiff proves her case against Menard on its merits.
¶ 25. Menard tendered its defense to American Family on May 31, 2011, arguing that it was an insured *74 under the terms of the American Family policy. American Family agreed to defend Menard under a reservation of rights.
¶ 26. American Family subsequently intervened in the plaintiffs tort action against Menard and Zurich Insurance. It moved for summary judgment, requesting a ruling that American Family is not required to defend or indemnify Menard for the activities of the Menard employee under either the American Family policy or the omnibus statute.
¶ 27. Menard and Zurich Insurance moved for declaratory judgment, seeking a declaration that American Family has a duty to indemnify and defend Menard under the permissive user provisions of the American Family policy and under the omnibus statute.
¶ 28. The circuit court granted American Family's summary judgment motion and denied Menard's motion for a declaratory judgment, reasoning that the parties to the policy did not contemplate that there would be coverage for a permissive user tortfeasor injuring the named insured premium-paying policyholder.
¶ 29. The court of appeals reversed the order of the circuit court, holding that American Family had a duty to defend and indemnify Menard under the American Family automobile liability policy insuring the plaintiff and under the omnibus statute.
Ill
¶ 30. We first determine whether the tortfeasor's actions constituted a "use" of the pickup truck under the American Family automobile liability insurance policy.
¶ 31. The American Family policy provides coverage to permissive users. The American Family policy includes the following relevant coverage language:
*75 We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer.
We will defend any suit or settle any claim for damages payable under this policy as we think proper (emphasis added).
¶ 32. The American Family policy defines "bodily injury" to mean bodily injury to, sickness, disease, or death of any person. In other words, the policy does not exclude bodily injury to a named insured or any other insured.
¶ 33. The policy goes on to define "insured person" or "insured persons" to mean the named insured (i.e., the policyholder), the named insured's relatives, or persons using the insured car with the named insured's permission, as follows:
Insured person or insured persons means:
1. You or a relative.
2. Any person using your insured car.
3. Any other person or organization. This applies only to legal liability for acts or omissions of:
a. Any person covered under this Part while using your insured car. . . .
¶ 34. The policy enumerates some users who are not insureds under the policy, such as persons using the vehicle without the permission of the policyholder or persons exceeding the scope of the permission. None of these persons is involved in the present case. The alleged user in the present case is the Menard employee who dropped the lumber.
¶ 35. The policy defines "use" to mean "ownership, maintenance, or use" and provides that American Fam *76 ily will indemnify and defend an insured person for "bodily injury and property damage due to the use of a car or utility trailer."
¶ 36. The courts have had several opportunities to interpret the phrase "use of a vehicle" under both insurance policies and the omnibus statute.
¶ 37. Courts have interpreted "use" broadly. Use is not limited to the driving of the vehicle. "One does not have to be driving or operating an automobile to be using it."[9] Our courts have interpreted "use" of a vehicle to include a wide range of non-driving activities, including: unloading a rifle from the vehicle, Allstate Ins. Co. v. Truck Ins. Exchange, 63 Wis. 2d 148, 216 N.W.2d 205 (1974) ;[10] loading and unloading a vehicle, Amery Motor Co. v. Corey, 46 Wis. 2d 291, 297, 174 N.W.2d 540 (1970); gesturing to a child to assist her in crossing a road, Garcia v. Regent Ins. Co., 167 Wis. 2d 287, 481 N.W.2d 660 (Ct. App. 1992); shooting game from the insured vehicle, Kemp v. Feltz, 174 Wis. 2d 406, 497 N.W.2d 751 (Ct. App. 1993); and loading a scrapped dump truck tailgate into a pickup truck under uninsured motorist coverage, Austin-White ex rel. Skow v. Young, 2005 WI App 52, 279 Wis. 2d 420, 694 N.W.2d 436.
¶ 38. A lead case defining "use" in an insurance policy is Lawver v. Boling, 71 Wis. 2d 408, 238 N.W.2d *77 514 (1976). In Lawver, the victim was injured when a rope and pulley system attached to a truck owned by the insured gave way. The dispute centered on whether the insured's negligence in using the rope and pulley system connected to the truck qualified as use of the truck under the policy.
¶ 39. The Lawver court explained that the question presented was whether the vehicle's connection with the conduct that gave rise to the injuries (and the negligence connected therewith) was sufficient to bring the conduct within the risk for which the parties to the insurance policy reasonably contemplated there would be coverage.[11] The Lawver court then stated that the reasonable contemplation of the parties to the insurance policy is usually determined by examining whether the alleged use is reasonably consistent with the inherent use of the vehicle. The Lawver court declared: "This question [of the reasonable contemplation of the parties] is usually resolved by determining whether the alleged 'use' is one which is reasonably consistent with the inherent nature of the vehicle."[12]
*78 ¶ 40. In Lawver, the court concluded that the injuries arose out of use of the truck, reasoning that when the insured vehicle is a pickup truck in a farm setting, it is reasonable to expect that it will be put to a variety of uses beyond the ordinary transportation of persons and goods from place to place, and that within the range of reasonable uses is its use as a power source in performing necessary farm repairs.[13]
¶ 41. Similarly, we conclude that loading an insured pickup truck with lumber is reasonably contemplated by the insured and insurer because it is consistent with the ordinary transportation of persons and goods inherent in the purpose of the pickup truck. Thus, we conclude that under the American Family policy, the Menard employee was a permissive user and as such was an insured under the American Family policy. Accordingly, we answer the first question in the affirmative.
IV
¶ 42. We now address the second issue: Does American Family's policy require American Family to defend and indemnify a permissive user tortfeasor when the injured victim is a named insured under the policy?
¶ 43. American Family relies solely on the argument that if the court requires American Family to defend and indemnify Menard, the result would be absurd, thus violating a cardinal rule of interpretation: A court's interpretation should avoid absurd or unreasonable results.[14]
*79 ¶ 44. The court of appeals concluded that the result is not unreasonable or absurd. We agree with the court of appeals, but we acknowledge, as did the court of appeals, that holding against American Family in the present case might appear to some to be anomalous, and we address a perceived anomaly.
¶ 45. One way of stating the anomaly is that American Family would be required to defend and possibly indemnify a tortfeasor who has injured the premium-paying named insured policyholder. The court of appeals recognizes that this result can be viewed as troubling because "an injured policyholder bringing suit against a tortfeasor would face an attorney supplied by her own insurance company, and ... an eventual payout might come from her insurer."[15]
¶ 46. Put in perspective, this result is neither troubling nor anomalous. American Family drafted the policy, which the named insured accepted. In the policy, American Family "has a contractual duty to defend its insured . . . ."[16] An insured under the American Family policy is the Menard employee. Thus, the result we reach is in accord with the policy.
¶ 47. American Family is not representing both the injured insured and the tortfeasor in the present case. The injured named insured must hire her own attorney to represent her against any tortfeasor; thus, *80 American Family would not be representing or assisting the injured named insured in her lawsuit against the tortfeasor regardless of whether the tortfeasor was or was not an insured under the American Family policy.
¶ 48. Similarly, if the named insured were injured in a car collision with a third party who also had American Family liability automobile insurance, the named insured would face an attorney supplied by her own insurance company.[17] In such a case, both the injured named insured and the tortfeasor are paying premiums that support the defense of the tortfeasor against the injured named insured. This result may happen with some frequency and is not viewed as absurd.
¶ 49. A second way of stating the anomaly is that an automobile liability insurance policy ordinarily covers the liability of an insured for injury to third parties who are not insureds under the policy, rather than liability of an insured for an injury to an insured.[18] In other words, ordinarily the liability provisions of an automobile liability insurance policy do not insure the insured against an injury to the insured.
¶ 50. But in the instant case the named insured plaintiff is not making a claim against American Family for her injuries. The plaintiff is suing Menard and Zurich Insurance for her injuries as a third-party victim *81 of Menard's tort, not as an insured under the American Family policy. The plaintiffs claim against Menard depends on Menard's liability to her as the third-party victim of Menard's tort. American Family is defending its insured, the Menard employee, against liability for injury to a person who for purposes of this lawsuit is a third party to the policy, not a named insured.
¶ 51. A third way of stating the anomaly is that providing coverage under an automobile liability insurance policy for a permissive user tortfeasor who allegedly negligently injures a named insured seems to provide greater coverage to the permissive user than to the named insured herself. In other words, providing coverage in the present case to the permissive user seems to give the permissive user coverage when injuring the named insured but would not give the named insured coverage when the named insured injured herself. The named insured cannot be liable to herself.[19] If the plaintiff in the present case had injured herself while loading her pickup truck at Menard, the American Family policy would not have been triggered. Thus it appears that the permissive user receives coverage for an injury to the named insured, when the named insured cannot receive coverage for an injury to herself.
¶ 52. Yet a closer look reveals that the coverage for the permissive user is no broader than for the named insured. No insured (including the named insured or a permissive user) is covered for negligently inflicted self-injury. If the named insured had injured herself, her injury would not be covered, and if the permissive user had injured himself, his injury similarly would not be covered. The American Family policy treats all insureds alike, including a named insured and *82 the permissive user, covering all of them for liability for injury to another, regardless of whether the victim is also an insured.
¶ 53. A fourth way of describing the anomaly is that the Menard employee and Menard have liability insurance coverage with Zurich Insurance covering any possible liability to the plaintiff. American Family places great emphasis in its absurdity argument on the fact that Menard and the Menard employee are covered by Zurich Insurance. It is not clear whether American Family would be making the same argument that it has no duty to defend or indemnify if Zurich Insurance were not capable of fully indemnifying Menard and capable of paying the plaintiffs damages. It is not for this court in the present case to assign relative responsibility to the insurance companies for indemnification or defense. The only issue before us is whether American Family's policy provides coverage in the instant case. The issue before us at this stage of the proceedings is independent of the existence of the Zurich Insurance coverage and multiple applicable liability policies.
¶ 54. With regard to all four claimed anomalies, their roots are in the language of the American Family policy itself. The policy provides coverage to a permissive user tortfeasor for liability for personal injury to all persons. The policy does not except or exclude an insured's liability for an injury to another insured.
¶ 55. Our case law demonstrates that our holding today is not novel and has not been viewed as absurd or unreasonable in past cases. Several Wisconsin cases have held that the named insured under an automobile liability insurance policy is not precluded from recovering on the policy when an additional insured inflicts injury upon the named insured while using the vehicle *83 within the terms of the policy.[20] Indeed, as we have stated previously, Wisconsin case law has followed what appears to be the majority rule "recognizing that the named insured under an automobile liability insurance policy may recover from the insurer when injured by another insured under the policy."[21] "In the greater number of cases, the courts . . . have sustained the right of the named insured ... to recover under an automobile liability policy for an injury to . .. such insured." 7A Steven Plitt et al., Couch on Insurance 3d § 110:14 (2013).
¶ 56. The Wisconsin rule is best illustrated by Archer v. General Casualty Co. of Wisconsin, 219 Wis. 100, 261 N.W. 9 (1935), reh'g denied, 219 Wis. 103, 262 N.W. 257 (1935). In Archer, the wife and husband were both named insureds on their automobile liability insurance policy. While the husband was driving, the wife suffered injuries when their car collided with a train. The wife sued her husband and the railway company for damages. After she recovered a judgment against her husband, she began an action against their insurer to recover the amount of the judgment. The insurer argued that because the wife was a named insured, she could not recover for her injuries under the policy. The court was unconvinced by the insurer's reasoning, stating that by the terms of the policy, protection is as much for the *84 benefit of the wife as it is for any other person not named in the policy:
Plaintiff makes no claim in this case on account of the policy having been issued to her. Her claim is based upon the fact that she has a claim against her husband, who is insured against loss by reason of the ownership and use of the automobile.
It is true ... that a third party has no greater nor more extensive right under the terms of the policy than the original parties to the contract, but there is no limitation contained in the policy which excludes the right of recovery by the plaintiff under the facts of this case ....
Archer, 219 Wis. at 103. In Archer, that the victim was a named insured and that the tortfeasor was a named insured were irrelevant. The victim brought the claim as a third-party rather than as a named insured.[22]
¶ 57. In the case at bar, the injured victim, the plaintiff, like the injured victim in Archer, is also the named insured. The injured victim brings her claim in the instant case, as in Archer, as a third-party victim, not as the named insured. Adhering to the principles of Archer, we conclude that under the facts and circumstances of the instant case, the plaintiffs identity as the named insured does not affect the coverage American Family affords to the permissive user tortfeasor.[23]
*85 ¶ 58. The rule in favor of coverage of the permissive user tortfeasor regardless of the identity of the victim as the named insured is further buttressed by Allstate Insurance Co. v. Truck Insurance Exchange, 63 Wis. 2d 148, 216 N.W.2d 205 (1974).
¶ 59. In the Allstate case, a passenger in an insured vehicle shot and killed the named insured driver when the passenger removed a hunting rifle from the insured vehicle. Clearly the insured driver, had he removed the rifle himself and injured himself, would not have been indemnified under his automobile liability insurance policy. Yet, the court determined that the driver's automobile liability policy afforded coverage to the permissive user passenger who allegedly negligently killed the named insured driver when the widow of the named insured brought a wrongful death action against the permissive user.
¶ 60. When the injured party was an insured but not the named insured, courts have concluded that the liability insurance policy provided coverage to the permissive user tortfeasor who injured an insured.
¶ 61. In Nelson v. Ohio Casualty Insurance Co., 29 Wis. 2d 315, 139 N.W.2d 33 (1966), both the injured person and the tortfeasor were employees of the city of Hartford. The injured person was unloading a garbage truck, while the tortfeasor was driving it. The court held that the city's insurance policy was required to defend and indemnify the permissive user tortfeasor. Although the case was decided on different grounds, the victim's status as another insured did not trouble the Nelson court.
*86 ¶ 62. In several cases, an automobile liability insurance company has been required to defend and indemnify a permissive user tortfeasor who injured an insured while loading or unloading a covered vehicle. The fact pattern is similar in a number of cases. A truck driver parks his truck to be loaded or unloaded; during the loading or unloading the truck driver is injured by a person who negligently loads or unloads the truck. The general principle of according automobile liability insurance coverage to permissive users who cause injury to an insured has been applied. See, e.g., Ermis v. Fed. Windows Mfg. Co., 7 Wis. 2d 549, 97 N.W.2d 485 (1959); Lukaszewicz v. Concrete Research, Inc., 43 Wis. 2d 335, 168 N.W.2d 581 (1969); Pitrowski v. Taylor, 55 Wis. 2d 615, 201 N.W.2d 52 (1972).
¶ 63. Our case law demonstrates that although an injured person cannot recover under an automobile insurance liability policy for self-inflicted injury, an injured person who is an insured can recover under an automobile insurance liability policy if injured by a fellow insured. Coverage is not based on the identity of the victim absent language in the policy stating otherwise.
V
¶ 64. The parties frame the third question differently, as we explained in paragraphs 12 and 13 above. Both parties can, however, be interpreted as asking: Does the omnibus statute, Wis. Stat. § 632.32(3), require an automobile liability insurance policy to provide a permissive user tortfeasor coverage when the permissive user injures a named insured?
¶ 65. The omnibus statute, Wis. Stat. § 632.32(3), provides as follows:
*87 Required provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
(b) Coverage extends to any person legally responsible for the use of the vehicle.
¶ 66. We need not and do not decide whether in light of the omnibus statute an automobile liability insurance policy may exclude coverage of liability for personal injuries suffered by the named insured. We cannot rule on a proposed exclusion without knowing the precise language of the exclusion and the facts to which the exclusion is applied.
¶ 67. Nevertheless, we note that the court has decided a number of cases in which the parties dispute the validity of exclusion clauses under the omnibus statute. See, e.g., Schenke v. State Farm Mut. Auto. Ins. Co., 246 Wis. 301, 16 N.W.2d 817 (1944); Frye v. Theige, 253 Wis. 596, 34 N.W.2d 793 (1948);[24] Musselman v. Mut. Auto Ins. Co., 266 Wis. 387, 63 N.W.2d 691 (1954); Havlik v. Bittner, 272 Wis. 71, 74 N.W.2d 798 (1956); Bauman v. Gilbertson, 7 Wis. 2d 467, 96 N.W.2d 854 *88 (1959); Ottinger v. Falkenberg, 11 Wis. 2d 506, 105 N.W.2d 560 (1960).[25]
¶ 68. In Frye v. Theige, 253 Wis. 596, 601, 34 N.W.2d 793 (1948), the named insured was a passenger in an automobile driven by another with his permission. The named insured was hurt in an automobile collision and sought to recover against his own automobile liability insurance company for damages caused by the negligence of the permittee driver. The insurance policy had an exclusion providing that the policy did not apply to bodily injury of a named insured. The insurance company contended that because the provision was a general exclusion of coverage that applied equally to the named insured and additional insureds, it did not violate the omnibus statute.
¶ 69. The Frye court upheld the exclusion, reasoning that the exclusion did not necessarily result in giving the additional insured (the permittee driver) less protection than was given the named insured. The court emphasized the language in what is now subsection (3) (a) of the omnibus statute, reasoning that the clause did not necessarily result in giving to an insured less protection than the policy gave to the named insured.
¶ 70. The Frye court explained:
The additional assured is not protected in case plaintiff is the named assured. Neither, however, is the named assured protected in that same situation. The mere fact that the situation does not come up in respect to the named assured because he is ordinarily driving his car *89 and injured by his own negligence appears to us to be wholly immaterial. Nobody can or does receive protection against liability for injuries to the named assured. The named assured is excluded from protection as well as the additional assured.[26]
¶ 71. In dissent in Frye, Justice Fairchild explained that the named insured as a passenger had a cause of action against the driver for his injuries due to the driver's negligence. Nevertheless, the exclusion did not indemnify the permittee driver for the damages that the named insured may recover against the driver. Yet the legislature had said that insurance policies shall extend equal coverage to anyone driving the car with the owner's permission. Had the named insured been the driver, he would have been indemnified for all damages recovered against him, But the permittee driver was not indemnified for liability for all damages recovered against him. According to Justice Fairchild, such an exclusion would "defeat the avowed purpose of the statute."[27]
¶ 72. The parties seem to think that whether the permissive user has other insurance coverage affects the validity of a hypothetical policy exclusion under the omnibus statute. We do not know whether the arguments about the omnibus statute change if the permissive driver is not fully insured under a policy other than the policy acquired by the named insured.
¶ 73. Past cases inform us that we should not rule on the omnibus statute without the exact language of the exclusion proposed, the facts of the case, and briefs and oral argument — none of which is present here with *90 regard to this issue. This court does not issue advisory opinions based on non-existent facts.[28]
¶ 74. In sum, American Family asks us to reverse the court of appeals and hold that the American Family policy does not cover the liability of a permissive user tortfeasor who injures a named insured. We are not persuaded to do so. Such a holding contravenes the terms of the American Family insurance policy and settled case law of this state. Our case law makes no distinction between injured parties who are named insureds and other insureds. Accordingly, we affirm the decision of the court of appeals.
By the Court. — The decision of the court of appeals is affirmed.

 Blasing v. Zurich Am. Ins. Co., 2013 WI App 27, 346 Wis. 2d 30, 827 N.W.2d 909.

 The court of appeals similarly stated the issue as follows: "The question here is whether American Family must defend Menards and provide coverage if it is determined that the Menards employee negligently injured Blasing." Blasing v. Zurich Am. Ins. Co., 2013 WI App 27, ¶ 1, 346 Wis. 2d 30, 827 N.W.2d 909.
The court of appeals concluded that American Family has a duty to defend and indemnify Menard in the present case under its policy. Blasing, 346 Wis. 2d 30, ¶ 31.
The dissent addresses issues not argued or briefed.

 The omnibus statute, Wis. Stat. § 632.32(3), provides as follows:
Required provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
(b) Coverage extends to any person legally responsible for the use of the motor vehicle.
All subsequent references to the Wisconsin Statutes are to the 2011-2012 version unless otherwise indicated.

 Blasing, 346 Wis. 2d 30, ¶ 3.

 Olguin v. Allstate Ins. Co., 71 Wis. 2d 160, 165, 237 N.W.2d 694 (1976). An interpretation is absurd when the application of a policy to a specific fact pattern would produce an unreasonable result. See Bethke v. Auto-Owners Ins. Co., 2013 WI 16, ¶¶ 55-56, 345 Wis. 2d 533, 825 N.W.2d 482 (holding that an unambiguous policy could still be held to require coverage if doing otherwise would lead to an unreasonable result); Schinner v. Gundrum, 2013 WI 71, ¶ 91, 349 Wis. 2d 529, 833 N.W.2d 685 (refusing on absurdity grounds to interpret a policy in such a way that defies "common sense"). For a general discussion of the case law on absurdity, see 1 Arnold P. Anderson, Wisconsin Insurance Law § 1.34 (6th ed. 2010).

 "Being an additional insured does not bar one from recovery from the insurer for the negligence of the insured." Blashaski v. Classified Risk Ins. Corp., 48 Wis. 2d 169, 176, 179 N.W.2d 924 (1970). See also Utica Mut. Ins. Co. v. Prudential Prop. & Cas. Ins. Co., 477 N.Y.S.2d 657 (App. Div. 1984); Aetna Cas. & Sur. Co. v. Gen. Cas. Co. of Am., 140 N.Y.S.2d 670 (App. Div. 1955) (listing additional cases from other jurisdictions holding the named insured's policy covers injury to the named insured).

 L.C. Di Stasi, Jr., Automobile Liability Insurance Policy as Covering, in the Absence of Specific Exclusion, Personal Injury or Death of, or Loss Sustained by, Named or Additional Insured, 15 A.L.R. 3d 711, §§ 2, 3[a] (1967) (citing Archer v. Gen. Cas. Co. of Wis., 219 Wis. 100, 261 N.W. 9 (1935), reh'g denied, 219 Wis. 103, 262 N.W. 257 (1935)).
Two jurisdictions have apparently ruled that named insureds are not covered for injuries resulting from the actions of permissive user tortfeasors. See MacBey v. Hartford Accident & Indem. Co., 197 N.E. 516 (Mass. 1935); Cain v. Am. Policyholders' Ins. Co., 183 A. 403 (Conn. 1936). Compare MacBey (holding that a named insured was not covered for injuries sustained while the car was operated by a permissive user), with Transamerica Ins. Co. v. Norfolk & Dedham Mut. Fire Ins. Co., 279 N.E.2d 686, 688 (Mass. 1972) (holding that the omnibus clause's use of the words " 'by any person' includes the insured").

 Courts "construe ambiguities in coverage in favor of the insureds and narrowly construe exclusions against insurers." Folkman v. Quamme, 2003 WI 116, ¶ 16, 264 Wis. 2d 617, 665 N.W.2d 857.

 Blashaski, 48 Wis. 2d at 174 (citing Kanios v. Frederick, 10 Wis. 2d 358, 103 N.W.2d 114 (1960)) (giving hand signals to traffic from a stopped vehicle); Wiedenhaupt v. Vander Loop, 5 Wis. 2d 311, 92 N.W.2d 815 (1958) (loading a parked truck)).

 "Persons actively engaged in loading and unloading the automobile in the commonly accepted meaning of those words are considered to be using or operating the automobile...." Allstate Ins. Co. v. Truck Ins. Exchange, 63 Wis. 2d 148, 155, 216 N.W.2d 205 (1974) (quoting Amery Motor Co. v. Corey, 46 Wis. 2d 291, 297-99, 174 N.W.2d 540 (1970)).

 "To determine if an accident arises out of the use of an automobile, the criterion is whether the activity is reasonably contemplated by the parties and consistent with the inherent purpose of an automobile." 1 Anderson, supra note 5, § 2.50.
See also 8 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 111.31 (2005) (" 'Use' of a vehicle includes more than driving or riding in an automobile; it extends to utilizing the vehicle as an instrumental means to an end in any manner intended or contemplated by the insured.").

 Lawver v. Boling, 71 Wis. 2d 408, 416, 238 N.W.2d 514 (1976).
"When a policy does not include the terms loading and unloading, the issue is whether the act in question was a natural and reasonable incident or a consequence of the use of the vehicle." 1 Anderson, supra note 5, § 2.51.

 Lawver, 71 Wis. 2d at 416.

 See Bethke, 345 Wis. 2d 533, ¶¶ 55-56 (holding that an unambiguous policy could still be held to require coverage if doing otherwise would lead to an unreasonable result); Schinner, *79 349 Wis. 2d 529, ¶ 91 (refusing on absurdity grounds to interpret a policy in such a way that defies "common sense"). For a general discussion of the absurdity case law, see 1 Anderson, supra note 5, § 1.34.

 Blasing, 346 Wis. 2d 30, ¶ 30.

 Mowry v. Badger State Mut. Cas. Co., 129 Wis. 2d 496, 527-28, 385 N.W.2d 171 (1986) (citing Gross v. Lloyds of London Ins. Co., 121 Wis. 2d 78, 84, 358 N.W.2d 266 (1984); U.S. Guarantee Co. v. Liberty Mut. Ins. Co., 244 Wis. 317, 321, 12 N.W.2d 59 (1943)).

 The court of appeals concluded that, "as American Family admits, a policyholder generally understands that his or her own insurance company may provide a defense to parties with interests adverse to the interests of the policyholder." Blasing, 346 Wis. 2d 30, ¶ 24.

 A policy could, of course, include first-party coverage such as medical-payments coverage or uninsured and underinsured automobile liability insurance, but none of these provisions is at issue here.

 See Blashaski, 48 Wis. 2d at 175-76.

 See also Utica Mut. Ins. Co. v. Prudential Prop. & Cas. Ins. Co., 477 N.Y.S. 2d 657 (1984); Aetna Cas. & Sur. Co., 140 N.Y.S. 2d 670 (listing additional cases from other jurisdictions holding the named insured's policy covers injury to the named insured).
"Being an additional insured does not bar one from recovery from the insurer for the negligence of the insured." Blashaski, 48 Wis. 2d at 176.

 See note 7, supra.

 "If the plaintiff and her husband had been held jointly liable and she had paid the judgment and was seeking to recover contribution from her husband, the arguments made on behalf of the defendant here would have greater validity." Archer v. Gen. Cas. Co. of Wis., 219 Wis. 100, 103, 261 N.W. 9 (1935), reh'g denied, 219 Wis. 103, 262 N.W. 257 (1935)).

 See also Aetna Cas. & Sur. Co., 140 N.Y.S.2d 670 (citing Archer and holding that insurer of passenger-owner was liable for damages authorized driver became obligated to pay for *85 injuries sustained by passenger-owner, despite fact that passenger-owner was named insured under policy).

 The court in Frye v. Theige, 253 Wis. 596, 34 N.W.2d 793 (1948), distinguished Archer v. General Casualty Co. of Wisconsin, 219 Wis. 100, 261 N.W. 9 (1935), which accorded coverage for liability for injury to a named insured, from Munsert v. Farmers Mutual Automobile Insurance Co., 229 Wis. 581, 281 N.W. 671 (1938), which did not accord coverage for liability for injury to a named insured, on the ground that the policy in Munsert contained such an exclusion clause.

 For a collection of cases on provisions of an automobile liability insurance policy excluding from coverage injury or death of an insured, see Jonathan M. Purver, Validity, Construction, and Application of Provision of Automobile Liability Policy Excluding from Coverage Injury or Death of Insured, 46 A.L.R. 3d 1061 (1972).

 Frye, 253 Wis. at 601.

 Frye, 253 Wis. At 605 (Fairchild, J., dissenting).

 See State ex rel. La Follette v. Dammann, 220 Wis. 17, 22, 264 N.W. 627 (1936).